## TRUSTEES OF SOLDIERS' ORPHANS' HOME

### *v.*

### ROBERT SHAFFER.

| 63 | 243 |
| 25a | 56 |
| 63 | 243 |
| 44a | 443 |

| 63 | 243 |
| 83a | 365 |
| 63 | 243 |
| 98a | 5354 |

1. CONTRACT FOR SERVICE—*termination of.* A servant hired for a fixed term can not be discharged without cause, during the term, and may recover for the whole term, deducting any amount obtained for work elsewhere, or which might have been obtained by reasonable effort.

2. OFFICER OR EMPLOYEE—*corporate power of removal.* A corporation loses its general power of removal, contained in its charter, if it make a specific contract. In such case it is bound like a private person.

3. PRACTICE—*pleading and evidence.* Plaintiff must declare specially, for breach of contract in wrongful dismissal from service. *Indebitatus* for work and labor will not lie.

4. SPECIAL CONTRACT—*must be proven.* Special counts for breach of contract must be sustained by proof of the contract.

5. PAROL EVIDENCE—*of contents of a contract in writing.* In an action against a corporation to recover under a special contract which was evidenced by a resolution of the board .of trustees of the corporation, parol evidence is not admissible in behalf of the plaintiff to prove the contents of such resolution, without notice to the defendant to produce it, or the usual preliminary proof of loss.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

The Trustees of the Soldiers' Orphans' Home, by a resolution properly adopted and recorded on their minutes, hired Robert Shaffer for one year. He was, before the expiration of his term, summarily dismissed, as appears, without justifiable cause, and brought suit to recover wages for the unexpired portion of his term. Judgment being in his favor, the trustees bring the case to this court for review.

Mr. J. McNULTA, for the appellants.

Messrs. HUGHES & McCART, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The contract in this case was reduced to writing, in the form of a resolution of the board of trustees, fixing definitely the time and terms of hiring. The term was for one year, and before its expiration appellee was discharged. This suit was brought to recover for the wages after dismissal, as all that was due for work actually performed had been paid.

Where a servant is hired for a fixed period, and is discharged without cause, during the term, he may recover for the whole time, deducting any amount obtained for work elsewhere, or which might have been obtained by reasonable effort. But the action must be special, and not for work and labor done. The damages result from a breach of the contract, in consequence of the wrongful dismissal. The services

have never been performed, and, therefore, *indebitatus* assumpsit can not be maintained. *Hull* v. *Heightman,* 2 East, 145; *Smith* v. *Hayward,* 7 Ad. & Ell. 544; *Archard* v. *Hornor,* 3 Car. & Payne, 349; *Hartley* v. *Harman,* 11 Ad. & Ell. 798.

Hence, it was necessary to prove the special contract, to sustain the special counts.

The court permitted parol evidence to be given of the written resolution. This was clearly error, unless notice had been given to the trustees to produce it, or it had been proved to have been lost or destroyed. It was the best evidence of the contract, and should have been produced. Without notice to the opposite party, or the usual preliminary proof of loss, evidence of the contents should not have been received.

The plaintiff testified that he was employed by a resolution of the board. He must have accepted its terms, and was bound by it; and it was the only evidence, if in existence, to fix the liability of appellant. There is no evidence to prove who was the custodian of it, but it might probably have been brought into court, with the aid of a *subpœna duces tecum.* Green. Ev. Vol. 1, sec. 87; *Whitford* v. *Tutin,* 10 Bing. 395.

There is no substantial objection to the instructions given for plaintiff below, except the fifth. This instruction told the jury that the plaintiff must recover, if he performed his duty as gardener. He had other duties, a failure to discharge which might properly prevent a recovery. The court properly refused the fourth instruction asked by the defendant.

Neither the superintendent nor the trustees had the power, at pleasure and without cause, to discharge the servants of the institution, when a special contract had been made. This would be the exercise of harsh and arbitrary power. The trustees had no more right to violate a solemn contract than one of their servants.

The language of the act is, that the trustees may remove any officer or employee if the interests of the institution require the removal. This would confer the power of removal,

if there was no special contract for the service of the employee for a definite time. But it does not give the right to discharge a servant, without any dereliction on his part, when he has been engaged for a fixed period. If a corporation desires to retain the right of removal at its discretion, it must not bind itself by a special contract. The law will not permit it to disregard the terms of its contract, but it must be governed by the same rules as is a private person.

For the error mentioned, however, the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*