JOHN L. DOUGLASS, Appellant, *v.* THE MERCHANTS' INSUR-
ANCE COMPANY OF NEW YORK, Respondent.

Plaintiff, on January 1, 1857, entered defendant's service as secretary, at a
yearly salary. He continued in such service until January 19, 1885,
when he was, by defendant's board of directors, removed, and a suc-
cessor *pro tem.* appointed. In an action to recover as damages the
salary for the remainder of that year, there was no evidence that the
original hiring was for a year other than the fact that plaintiff's
salary was annual. One of defendant's by-laws which went into effect
in 1850 provided that its officers, including the secretary, "shall
respectively hold their offices during the pleasure of the board of
directors, and until the appointment of a successor, either perma-
nently or *pro tem.*" *Held*, that the action was not maintainable, that
plaintiff was chargeable with notice of the by-law, and as no special
contract which indicated any purpose to abridge the right of removal
given by it was shown, it entered into and became part of the contract
of employment; and that under the by-law the right of removal at any
time was unqualified.

*Soldiers' Home* v. *Shaffer* (63 Ill. 243); *Martino* v. *C. F. Ins. Co.* (15 J. & S.
520), distinguished.

(Argued January 15, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, entered upon
an order made March 24, 1887, which affirmed a judgment in
favor of defendant, entered upon a decision of the court on
trial at the Circuit.

The nature of the action and the facts are sufficiently stated
in the opinion.

*Wm. W. Badger* for appellant. No lawful discharge of
this plaintiff was shown "upon the 19th day of January,
1885, at the regular meeting for that month." *Moody* v.
*Leverick*, 4 Daly, 401–9; *Howard* v. *Daly*, 61 N. Y. 362;
*Everson* v. *Howard*, 89 id. 527; *Perry* v. *Dickerson*, 7 Abb.
[N. C.] 470–474; 85 N. Y. 350; *Goodman* v. *Pocock*, 15 Ad.
& El. [N. S.] 576.) The saving grace of common sense and
the ordinary obligations of common honesty require that a

faithful servant after twenty-eight years of continuous service at "a yearly salary," should not be summarily and arbitrarily dismissed without cause and without any notice or pay. (1 Morawetz on Corporation, § 544; Story on Agency, § 466, Wood on Master and Servant, § 127; *Martino* v. *C. Ins. Co.* 15 J. & S. 521; *King* v. *Steiren*, 44 Penn. St. 104; 19 Ark. 671; 9 id. 394; 24 Ala. 194; 19 Col. 291; Laws of 1849, chap. 308, § 12; Angell & Ames on Corp., §§ 333, 426; *Soldiers' Home* v. *Shaffer*, 63 Ill. 243–245; *Williams* v. *Byrne*, 7 Ad. & El. 177; *Costigan* v. *M. R. R. Co.*, 2 Den. 609, 613.) It is entirely settled that a contract for services for a yearly salary, if continued into succeeding years without further words, is thereby renewed by the year. (*Huntingdon* v. *Claffin*, 38 N. Y. 182; *Vail* v. *L. F. Co.*, 32 Barb. 564; *Tatterson* v. *S. Co.*, 106 Mass. 56; *Davis* v. *Marshall*, 6 H. & N. 916; *People* v. *A. & S. R. R. Co.*, 55 Barb. 564; *Smyth* v. *Darley*, 2 H. L. Cas. 789; *Rex* v. *Mayor, etc.*, 2 Burr, 738; *Brooklyn* v. *B. R. R. Co.*, 47 N. Y. 479; 76 id. 119; *Doll* v. *Noble*, 116 id. 230.) The ruling as to the burden of proof is plainly erroneous. (*Howard* v. *Daly*, 61 N. Y. 362.)

*Francis Lynde Stetson* for respondent. The plaintiff had no contract with the defendant for the year 1885, except subject to the by-law in question. (46 N. Y. 120; *Goodyear* v. *De La Vergne*, 10 Hun, 537; *Vail* v. *J., etc. Co.*, 32 Barb. 564–567; *Huntingdon* v. *Claffin*, 38 N. Y. 182; *Tucker* v. *P. & R. R. R. Co.*, 53 Hun, 139; 9 Wend. 379; *Scales* v. *Key*, 11 Ad. & El. 819.) The plaintiff was chargeable with notice of this by-law. (*Powell* v. *Milbank*, 2 W. Black. 851; 3 Wils. 355; Boone on Corp. § 61; Angell & Ames on Corp. § 359; *Bank* v. *Wollaston*, 3 Harr. 90; *S. Ins. Co.* v. *Perrine*, 7 Watts & S. 348; *Hunter* v. *S. M. Ins. Co.*, 26 La. Ann. 13, 403.) The by-law in question forming part of plaintiff's contract for 1885, accomplished its clear purpose, and reserved to the defendant a right to discharge the plaintiff at any time. (Wood on Master & Servant, 274; *Union Bank*

v. *Ridgeley*, 1 Harr. & G. 324–432; *D. Bank* v. *Chickering*, 3 Pick. 335; *E. Bank* v. *Rogers*, 7 N. H. 21; *Smith* v. *B. S. R. R. Co.*, 35 Hun, 204; *Tyler* v. *Ames*, 6 Lans. 280; *Spring* v. *A. C. Co.*, 24 Hun, 175.)

Bradley, J. The plaintiff, on or about the first day of January, 1857, went into the service of the defendant as secretary, at the yearly salary of $1,500; his salary, from time to time changed, was, on the first of January, 1884, increased to $4,500 a year. He continued as such secretary in the service of the defendant at that annual salary until January 19, 1885, when he was, by the board of directors of the defendant, removed from the office of secretary. He, having been paid up to February first, brought this action to recover as damages a sum equal to the salary for the residue, or eleven months, of the then current year. This claim is made for the alleged reason that he was in the defendant's service from year to year, and that the defendant could not, without liability to him for damages, discharge him from its service until the end of any year upon which he had entered in such service. When a party enters into service of another at a stipulated annual compensation or salary, and continues beyond a year, the presumption is that he does so on the same terms. (*Huntingdon* v. *Claffin*, 38 N. Y. 182; *Vail* v. *Jersey Little Falls M'f'g Co.*, 32 Barb. 564; *Ranck* v. *Albright*, 36 Penn. St. 367; *Tatterson* v. *Suffolk Mfg. Co.*, 106 Mass. 56.)

There is no evidence that the original hiring was for a year other than in the fact that the plaintiff's salary was annual. The plaintiff, for his evidence in that respect, relied solely upon the admission in the defendant's answer. By the answer it is alleged that a by-law of the defendant known to the plaintiff was part of the contract of employment under which he went into and continued in its service. This by-law was adopted and went into effect in 1850, and provided that "the president, vice-president, secretary, surveyor and clerks shall respectively hold their offices during the pleasure of the

board of directors, and until the appointment of a successor, either permanent or *pro tem.*, and no officer or clerk shall be removed without a concurrence of a majority of the whole board of directors." A new edition of the by-laws, including this one, was printed and issued in 1861, under the direction of a committee, in a book in which appeared the name of the plaintiff as secretary. The plaintiff had, or was chargeable with, knowledge of this by-law, and it may be assumed that it constituted part of the contract of his employment under which he served as secretary of the defendant. And the main question is whether the defendant had the right in the manner mentioned in the by-law, without cause, to terminate the plaintiff's service as secretary before the end of the current year, and not subject itself to liability to him for damages as for breach of contract.

It is urged on the part of the plaintiff that he was in service under a contract for a year, and that the by-law was not in the way of making such a contract effectual; and when made the power of removal could be exercised to take effect only at the expiration of the year.

In *Soldiers' Home* v. *Shaffer* (63 Ill. 243), cited in support of that proposition, the plaintiff's charter provided that the trustees might remove any officer or employee if the interests of the institution required the removal. The plaintiff there was, by special contract, hired for a year, and the court held that a corporation loses its general power of removal contained in its charter if it make a special contract. It may be observed that in the case cited the power of removal was not unqualified or to be exercised at pleasure. And in *Martino* v. *Commerce Fire Ins. Co.* (15 J. & S. 520) it was held that the by-laws of the defendant providing that officers, clerks, etc., should be elected during the pleasure of the board, did not deny to the defendant the power by special contract to overcome it or set it aside.

It may be assumed, for the purposes of the question, that this is within the power of the board which creates the by-laws, and that when it appears that a special contract is

made by such board in terms which indicate an intent of the parties to exclude from it the operation of the by-laws having relation to the right of terminating service, such contract of employment may not be subject to it. The employment of the plaintiff does not come within that proposition. He went into the defendant's service upward of twenty-eight years before the time of his removal. There does not appear to have been any special contract as to term of service. The compensation was designated as a yearly salary, which the plaintiff, in his complaint, alleges was payable in monthly or quarterly installments. This would indicate that his service for a year was contemplated, and the terms would presumptively be the same each subsequent year except so far as modified by the parties, and without some reserved right of termination it may be assumed that his service was not terminable without cause until the end of any current year. ( *Williams* v. *Byrne,* 7 Adol. & Ellis, 177.)

But here was no special contract which indicated any purpose to abridge the right of removal at pleasure given by the by-law which entered into the contract of employment, and subject to which the plaintiff went into and continued in the defendant's service until this reserved power was exercised. Nor is it seen that this right of removal was qualified in respect to the time of its exercise. Our attention is called to but very little judicial authority upon this question. In *Hunter* v. *Sun Mut. Ins. Co.* (26 La. Ann. 13.), the plaintiff was employed by the defendant for one year from in February, 1869, which he served, and on the expiration of that term he was employed by the defendant for another year. He was discharged in April of the second year without cause, and brought his action to recover damages for alleged breach of the contract.

There was a by-law of the defendant, in terms, giving the right to remove its officers at pleasure. It was there held that the officer so employed, was presumed to have known of the existence of the by-law, that it was part of the contract, and the law governing their rights in that respect, and " there-

fore the plaintiff knew the precarious tenure of his position," and was not entitled to recover.

In *Smith* v. *Buffalo Street R. R. Co.* (35 Hun, 204) the question as to the right to discharge an employee within the term, arose upon a provision in the contract that the employer might discharge him " at any time." It was held that the right to discharge him was unqualified. In the present case the power of removal at any time must be deemed to have been reserved in the contract of employment. And it seems to have been regularly exercised. It was done at a meeting of the board of directors by concurrence of a majority of the whole board, and a secretary *pro tem.* was then appointed, and he was made permanent secretary on the tenth of the following month. No question was made on the trial as to the regularity of the meeting of the board at which the removal was made. Nor does there appear in the record any support for the contention that it was not a meeting at which the removal may have been accomplished.

The judgment should be affirmed.

All concur.

Judgment affirmed. _____