Charles E. Lichtenhein, Appellant, *v.* Charles E. Fisher, Respondent.

*Hiring for a year — when presumed to be extended — discharge of a clerk during the term of his employment — customers following discharged clerk to place of new employment — not a breach of original employment — assumption by a firm of a contract of hiring.*

The presumption is, that where a party enters into the service of another at a stipulated annual compensation, and continues in such service beyond the year, he does so on the same terms.

If a clerk be discharged during the term of his employment and goes to another store of the same character and there takes employment, he does not commit a breach of contract with his former employer because his friends and personal customers follow him from the old place of employment to the new, whether at his suggestion or otherwise. To accomplish such a result it must at least appear that it was embodied in the contract of employment with his former employer, that during the term of service contracted for such employer should have the patronage of all customers which the employee could personally control.

In an action brought to recover for wages claimed to be due an employee from his employer after the alleged wrongful discharge of the employee, it appeared that, subsequent to the first employment, the original employer had formed a

co-partnership, and there was evidence which would have permitted the jury to have found that the co-partnership assumed all the contracts and obligations growing out of the business in which the original employer was engaged, although there was no evidence that the particular contract of employment was, in terms, assumed by the co-partnership.

_Held_, that the question whether the co-partnership assumed that particular contract should have been submitted to the jury.

APPEAL by the plaintiff, Charles E. Lichtenhein, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of December, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit.

This action was brought to recover the amount of wages alleged to be due an employee from his employer after the alleged wrongful discharge of the employee.

The action was originally brought against Charles E. Bliss and Charles E. Fisher, and the defendant Charles E. Bliss having died prior to the trial of the action, the action was continued against Charles E. Fisher as sole defendant.

*John Sabine Smith,* for the appellant.

*Charles D. Ridgway,* for the respondent.

PARKER, J.:

The plaintiff was employed by Charles E. Bliss for one year from May 1, 1891, at a salary of $1,950 per annum, payable weekly. The 1st of May, 1892, came and went, with the plaintiff rendering precisely the same service for Bliss as he had during the previous year, and without any other or different arrangement with him as to compensation, Bliss paying him on each Saturday night fifty-seven dollars and fifty cents, as during the previous year. The presumption is, where a party enters the service of another at a stipulated annual compensation and continues beyond the year, that he does so on the same terms. (*Adams* v. *Fitzpatrick et al.,* 125 N. Y. 124; *Douglass* v. *Merchants' Ins. Co. of N. Y.,* 118 id. 484; *Huntingdon* v. *Claflin,* 38 id. 182; *Vail* v. *The Jersey Little Falls Mfg. Co.,* 32 Barb. 564.)

As there is no evidence whatever in opposition to this presumption, for the purposes of the present consideration it must be assumed that on the 1st day of May, 1892, the plaintiff entered upon a new contract of hiring with Bliss for a period of one year at the same salary. June 1, 1892, Bliss and this defendant, Charles E. Fisher, formed a partnership under the firm name of Charles E. Bliss & Co., and thereafter, and until the death of Bliss during the latter part of May, 1893, they carried on business of the same character and at the same place as Bliss had done prior to the formation of the partnership. The plaintiff continued to do the same work after the partnership was formed as he had done before, receiving compensation weekly at the same rate until the 12th day of November, 1892, when he was discharged without cause.

The position of the defendant being that the hiring was from week to week, and could be terminated at any time, the evidence requires us to say, as we have already said, that at the time of the formation of the partnership the plaintiff was in the employ of Bliss under a contract which had about eleven months more of life, and the firm could only become liable thereon by an assumption of the contract.

While there is no evidence that this particular contract was, in terms, assumed by the partnership, there is evidence, we think, which would have permitted the jury to find that the partnership assumed all the contracts and obligations growing out of the business in which Bliss was engaged.

The respondent urges that if the position which we have taken be correct, nevertheless the judgment dismissing the complaint should be affirmed, because there exists another ground which must necessarily prevent a recovery. He insists that when the plaintiff made his contract with Bliss in May, 1891, the plaintiff agreed to bring to Bliss certain customers of his own, and that he subsequently did so; after his discharge he endeavored to, and did take certain of the customers away from defendant's firm. Thus, it is contended, he violated the contract which he is now insisting in this action is valid and enforcible as against his employer. It was a duty which plaintiff owed to the defendant to accept employment of the same general character, if opportunity should offer, to the end that it should go in reduction of the amount of his salary for the unexpired term.

This the plaintiff attempted to do, and while he did not secure a position with a salary, he did find an opportunity to do work of the same general character as that in which he had been previously engaged, but on commission. Among the customers he obtained was one, and only one, who was doing business with his employers at the time of his discharge. Of course it is not pretended in the absence of a special contract, with reference to his former customers, constituting part of the contract of hiring, that he would not be permitted to do their business after his discharge, or even to solicit their business.

What is claimed is, that it was a part of the agreement, when he was employed, that Bliss should have the business of plaintiff's customers so far as he could control them; and, therefore, to secure the patronage of such a customer during the contract period would constitute a breach on the part of the plaintiff which would deny recovery to him. One difficulty with defendant's position is that it assumes it to be established as a part of the original contract of employment, that the plaintiff agreed that defendant should have the patronage of his customers, so far as he could control them, during the term of employment. The evidence upon this point is not very satisfactory, apparently for the reason that the parties did not seem to appreciate, at the time, that it was a matter of any moment. Possibly, had the question been submitted to it, the jury might have found the fact to be that the plaintiff had contracted with Bliss that he should have the patronage of his customers during the term of employment. But, on the other hand, it might have found, as the proper inference of fact to be drawn from all the evidence on the subject, that the plaintiff tried to impress Bliss as to the value of his services, by telling him about the number of customers whose confidence he had secured by upright dealings.

Upon such a finding as the last there could not be predicated a conclusion of law that the plaintiff had violated his contract by accepting or even soliciting the business of such a customer. Men are frequently employed as clerks in stores because they are known to have a large number of customers who bestow their patronage where such clerks are employed. And if the clerk be discharged during the term of his employment and goes to another store, of the same character, to take employment, as the law says he

must if he has a chance, he does not commit a breach of contract because his friends and personal customers follow him from the old place of employment to the new, whether at his suggestion or otherwise. To accomplish such a result it must at least appear that it was embodied in the contract of employment that, during the term of service contracted for, the employer should have the patronage of all the customers which the employee could personally control.

Whether the one or the other finding of fact should be made, are questions for the consideration of the jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed, new trial granted, costs to appellant to abide the event.