HAZLITT A. CUPPY, Appellant, *v.* STOLLWERCK BROTHERS, INC., Respondent.

*Contract — breach of contract of employment — facts examined and held sufficient to sustain finding that contract of employment was proved.*

Upon examination of the record, in an action to recover salary due plaintiff under an alleged contract of employment for one year, *held,* that the evidence is sufficient to sustain the charge of the trial justice that, as a matter of law, a contract of employment for one year was made out, and *held further,* that although the directors of the defendant corporation had power, under its by-laws, to

remove plaintiff as the managing director of the corporation, such power did not carry with it the right to discharge him from the employment of the defendant in view of the special contract for a fixed term under which he was employed.

*Cuppy* v. *Stollwerck Brothers*, 158 App. Div. 628, reversed.

(Argued December 8, 1915; decided January 11, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 13, 1914, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick M. Thompson* and *Frank R. Savidge* for appellant. The Appellate Division was in error in holding that the evidence did not make out a contract of employment for one year. (*Birdsall* v. *Grant*, 37 App. Div. 248; *Towle* v. *Remsen*, 70 N. Y. 303.)

*Edward H. Wilson* for respondent. The plaintiff's contract was not for a year, but was only for a salary at the rate of $15,000 a year so long as he should work for the defendant. (*Martin* v. *New York Life Ins. Co.*, 148 N. Y. 117; *Watson* v. *Gugino*, 204 N. Y. 535; Wood on Master and Servant [2d ed.], § 136; *Granger* v. *Am. Brewing Co.*, 25 Misc. Rep. 701; *I. & G. Trust* v. *Tod*, 180 N. Y. 215; Thomp. on Corp. § 1620; *National Bank of Rondout* v. *Burns*, 84 App. Div. 100; 178 N. Y. 561; *Cosgray* v. *New England Piano Co.*, 22 App. Div. 455.) Plaintiff's contract was subject to the right of the board of directors of the defendant to remove him; and he, having been so removed, can have no claim for subsequent salary. (*Douglas* v. *Merchants' Ins. Co.*, 118 N. Y. 484; *Hunter* v. *Sun Mutual Ins. Co.*, 26 La. Ann. 13; *Queen* v. *Second Avenue R. R. Co.*, 44 How. Pr. 281; 1 Thomp. on Corp. [2d ed.] § 1058; *Hingston* v. *Montgomery*, 121 Mo. App. 451.)

SEABURY, J. This is an action to recover salary which the plaintiff claims to be due him under an alleged contract of employment for one year. The plaintiff claims to have been discharged at the end of four months. The claim of the plaintiff is that he was employed by the defendant as manager for the year 1910 at the compensation of $15,000 and $1,000 for expenses and 15% of the profits of the defendant after the $15,000 should have been deducted. It was the claim of the plaintiff that during the year in question the defendant's profits amounted to $100,000, and that he was entitled to $12,750 thereof. The defendant put in issue the making of the contract either as to the salary or profits and claimed that the plaintiff was not employed for any definite period, but was employed at the rate of so much a year; that any contract of employment which the plaintiff may have had was subject to the power of the board of directors of the defendant to cancel it at any time and that after four months service the board of directors terminated that contract, the plaintiff having been paid in full for services rendered up to that time. The trial court ruled as a matter of law that there was a contract for one year and that the contract was not terminated by the resolution of the defendant's board of directors. The jury found a verdict in favor of the plaintiff for the balance of the salary for the year 1910 for $10,000 with interest.

The Appellate Division held that there was no contract for a year and that in any event the resolution of the defendant's board of directors terminated any contract that may have existed and directed that the judgment entered upon the verdict of the jury should be reversed unless the plaintiff would stipulate to reduce the verdict to $1,520.33, the amount of the salary due from April 30th, 1910, to which date it had been paid, to June 6th, 1910, when the board of directors of the defendant passed the resolution purporting to terminate the plaintiff's employ-

ment.   The plaintiff refused so to stipulate and the judgment was reversed upon the law, the facts being reviewed and affirmed and the plaintiff now appeals to this court. It is necessary to determine whether the plaintiff was employed for a period of one year and whether the resolution of the board of directors terminated the plaintiff's employment.   These are the grounds upon which the Appellate Division reversed the judgment and seem to us to present the only questions which require discussion.

A voluminous correspondence in the form of letters and cablegrams passed between the parties which need not be set out in full.   The learned Appellate Division were of the opinion that the employment was at a specified rate per year and not for the definite term of a year and was, therefore, merely at will.   It has frequently been held that an employment at a specified rate per year is not an employment for a year.   (*Martin* v. *N. Y. Life Ins. Co.*, 148 N. Y. 117; *Watson* v. *Gugino*, 204 N. Y. 535.)

The facts of this case as disclosed by the correspondence of the parties do not bring the case within the application of this rule.   In determining whether there was a contract for the term of a year the whole correspondence must be considered.   This question cannot be determined upon one or two extracts from the correspondence considered apart from their context.   In the letter which the plaintiff wrote to the defendant on December 8th, 1909, he set forth the conditions upon which he proposed to continue in the defendant's employment.   In that letter he asked "what am I to receive during the coming year?"   On December 16th the plaintiff again wrote defendant specifying definitely the compensation which "I shall expect to receive * * * at the rate of $10,000 per year," etc.   If the letters of the plaintiff of December 8th and 16th stood alone there would be room for the contention that the plaintiff proposed that he should be employed at a specified rate "per year" rather

than for a period of a year. These letters, however, do not stand alone. On December 31st the defendant acknowledged the receipt of the two letters which the plaintiff had written, and on January 3d, 1910, the plaintiff cabled: " Do you confirm the agreement terms as per my letter 16th day of December, 15th day of November, *twelve months,* also one authority, telegraph immediately." To this message the defendant on January 5th answered: " You have authority with certain limits." To this message the plaintiff responded: "If you will not agree to abide by the conditions of letters dated 16th December, 15th November, *twelve months,* I hereby offer my resignation and request its acceptance Monday, will so advise trade, bankers, salesman." On January 7th defendant replied: " Wish to see you satisfied working with enthusiasm *agree to your proposals for twelve months,* subject to conference according your decision with Ludwig arriving with Franz Kurfuerst 25th January protect our interests as hitherto." On January 8th the plaintiff cabled: " Your telegram to hand, remain upon terms my letter 16th day of December, 15th day of November." Ludwig Stollwerck, referred to in the defendant's cable of January 7th, arrived in the latter part of January and no conference was held on the subject of the agreement of employment nor was any agreement made modifying in any way the agreement set forth in the letters and cablegrams referred to above. In a letter which Ludwig Stollwerck wrote to the plaintiff on May 16th, 1910, referring to the previous transaction between the parties the writer said: " In the year 1909 we agreed to 10000 $ salary *and for the present year 1910 we even agreed by cable to your proposals for 15000 $ salary.* " Considering this correspondence as a whole and recalling that the plaintiff's cablegrams of January 3d and January 5th both made special reference to " twelve months " as did also the defendant's answer of January 7th, we think it is clear that the plaintiff was employed

for a definite period of one year. It may be that this employment was subject to Ludwig Stollwerck and the plaintiff reaching a different decision in the conference that was to take place between them, but that circumstance is not of importance here as it is an undisputed fact in the case that no different decision was reached. Moreover Stollwerck's letter of May 16th made it very clear that the plaintiff had been employed " for the present year 1910." Upon this evidence we think that the learned trial justice was correct in charging the jury as a matter of law that a contract of employment for one year was made out.

It is conceded that the plaintiff was elected as a managing director of the defendant corporation in pursuance of his contract with the defendant which gave to the plaintiff sole authority in America in the conduct of the defendant's business. It is claimed by the respondent that it had the right to terminate the plaintiff's employment, even if he had been employed for a period of one year. This claim rests upon the fact that the by-laws of the defendant corporation, which were known to the plaintiff, provided that." The Board of Directors by a majority vote may at any regular or special meeting remove a director or officer and by like vote fill the vacancy so created." Pursuant to this by-law the defendant on April 28th, 1910, adopted the following resolution: " *Resolved*, that Mr. H. A. Cuppy is removed from his position as Managing Director, and Mr. Ludwig Stollwerck is hereby appointed and elected as Managing Director in his place." We can find in the record no evidence that the plaintiff acquiesced in this action as has been suggested, and we are of the opinion that this by-law did not authorize the defendant to terminate the plaintiff's employment as general manager. While the by-law empowered the board of directors to remove a director or officer it did not authorize them to terminate a contract with one whom they had employed for a definite term.

The fact that the plaintiff had been elected a director in no way alters the situation. His election as director was in pursuance of his contract of employment. It did not supersede the contract and render his contract which was for a definite term terminable at will. *Douglass* v. *Merchants' Ins. Co.* (118 N. Y. 484), upon which the respondent relies, is plainly distinguishable from this case. In that case one who acted as the secretary of the corporation at an annual salary was not employed for a definite term and the decision in that case turned upon that fact. Indeed, in Judge BRADLEY'S opinion in that case it is pointed out that in cases where the employee had been employed under a special contract it has been held that the corporation loses its general power of removal. (*Trustees of Soldiers' Orphans' Home* v. *Shaffer*, 63 Ill. 243; *Martino* v. *Commerce Fire Ins. Co.*, 15 J. & S. 520.)

The plaintiff held his place like any other agent or servant subject to the terms of the contract under which he was employed. If no stated term was fixed he was subject to removal by the board of directors even in the absence of a by-law giving the directors this power. When he was elected as a director of the corporation he held that office under the provisions of the by-law subject to removal by the board of directors. The power to remove him from the office to which he had been elected did not carry with it the right to discharge him from the employment of the defendant in view of the special contract for a fixed term under which he was employed.

The judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs to the appellant in the Appellate Division and in this court.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and POUND, JJ., concur.

Judgment reversed, etc.