Ronald **NELSON**, Appellant,

v.

**PIONEER SPECIALTIES, INC.**, et al., Appellees.

No. 13432.

Court of Civil Appeals of Texas.

Houston.

July 2, 1959.

Rehearing Denied July 23, 1959.

Barrow, Bland & Rehmet and Sidney Farr, Houston, for appellant.

Liddell, Austin, Dawson & Huggins and Charles R. Vickery, Jr., Houston, for appellees.

BELL, Chief Justice.

Appellant filed suit against appellees to recover damages for breach of a contract of employment. He alleged that on August 7, 1957 he was, by written contract, employed by Pioneer Specialties, Inc., a Corporation, herein referred to as Corporation, as President for a period of two years. He was, at the time this contract was signed, President, he having been elected in April of 1957. The contract of employment was approved by resolution passed by the Board of Directors of the Corporation on August 13, 1957. His salary was to be $500 per month and he was to receive as additional compensation 3% of the net sales over $10,000. Appellant served as President until December 15, 1957, when he was discharged, allegedly without cause. This suit was to recover the compensation provided for in the contract for the period from December 15, 1957, to July 31, 1959, the termination date of the contract of employment.

Appellant joined Tom S. Gillis as a defendant, basing his suit against Gillis on an alleged wrongful interference by Gillis that caused the breach of the contract. It is unnecessary to further notice this phase of the case as it is involved only to the extent that the liability of Gillis is dependent first on whether there was a valid contract between the Corporation and appellant.

The appellees filed an answer, asserting the contract was invalid because it was for a term of two years and the appellee Corporation had a by-law providing that its President should be elected for one year and it was thus beyond the power of the Board of Directors to employ appellant for more than one year. There were other defenses set up, but we need not notice them in disposing of this appeal.

Appellees also filed a cross-action against appellant and other persons. The cross-action is not involved in this appeal as an order was entered severing it from the original suit.

Appellees filed their motion for summary judgment. It was there asserted that the contract sued on was void because contrary to the by-law of the Corporation allegedly limiting its President's tenure to one year.

The trial court sustained the motion and rendered judgment that the appellant take nothing.

It is undisputed that the Corporation, while it was chartered prior to the effective date of the Business Corporation Act, V.A.T.S., has elected to come under the provisions of that Act, and therefore the pertinent provisions of the Act, and the corporate acts taken thereunder, will control the determination of the validity of the contract. Appellant was elected President in April, 1957, to be effective May 9, 1957. On August 7, 1957, a letter, the contract here sued on, was written to appellant employing him as President for a period of two years from August 1, 1957, at a monthly salary of $500, plus 3% of the net sales over $10,000. The letter was signed for the Corporation by its Vice President and its Secretary. Appellant signed the letter evidencing his acceptance of the terms set forth as the contract of employment. On August 13, 1957, the Corporation's Board of Directors by resolution approved the contract of employment. Appellant acted as President until December 15, 1957, when he was removed by the Board of Directors. In this appeal the parties have assumed the discharge was without cause, and for purposes of this appeal have agreed it was without cause, though by pleading in the Trial Court cause was alleged to have existed. The Corporation by-law, which is material and of which appellant had notice, reads as follows:

> "The officers of the corporation shall be a President, one or more Vice-Presidents, a Secretary and a Treasurer, each of whom *shall be elected for one year* and shall hold office until their successors are elected and qualified." (Emphasis ours.)

Appellant contends that while before 1951 public policy of Texas prevented the employment by a corporation of a person for more than one year, this policy was changed when the legislature in 1951 amended Article 1327, Vernon's Ann.Civ.St. authorizing corporations through the board of directors to enter into "contracts of employment" for such period of time as they wish if such is not prohibited by the charter and by-laws. It is not contended that this statute is specifically applicable because appellee Corporation is operating under the Business Corporation Act, but it is urged that the amendment of Article 1327 marked the beginning point in the change of state policy and the substance of such amendment is brought forward in the Business Corporation Act so there is now authority in a corporation coming under the new Act to employ its officers and agents for such term as the board of directors determines unless the directors are prohibited from doing so by the charter or by-laws. Appellant then urges that the by-law of the Corporation here does not prohibit the employment of a person for more than one year, but it merely prohibits his *"election"* as president for more than one year, but the term "elect" and "employ" are not synonymous terms. The Corporation may enter into an employment contract for a longer term and though the officer thus employed may not obtain specific performance because the by-law restricts the President's term to one year, still if the Corporation does not elect him for the second year there is a breach of contract for which an action for damages lies.

The basis of such contention is the following provisions of the Business Corporation Act:

> *"Article 2.02*
>
> "A. Subject to the provisions of Sections B and C of this Article, each corporation shall have power: * * *
>
> "(12) To elect or appoint officers and agents of the corporation for such period of time as the corporation may determine, and define their duties and fix their compensation.
>
> * * * * * * * *
>
> *"Article 2.31*

"A. The business and affairs of a corporation shall be managed by a board of directors.

\* \* \* \* \* \*

*"Article 2.43*

"A. Any officer or agent or member of the executive committee elected or appointed by the board of directors may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so re-moved. Election or appointment of an officer or agent shall not of itself create contract rights."

Appellant says that since Article 2.02, subd. A(12) allows the corporation to determine tenure and since by Article 2.31, subd. A the business affairs are carried on by the board of directors, the board of directors can fix the tenure of office.

Appellees concede that since the amendment of Article 1327, V.A.C.S., and under the new Business Corporation Act, there is no public policy against a corporation employing a person for a period of more than one year. However, they contend that the tenure of an officer of the corporation is to be determined by the charter or by-laws. In the absence of any inhibiting charter or by-law provision, the board of directors could determine the tenure of an officer. However, here, since the Corporation by-law provides that the President shall be *"elected for one year,"* this is a prohibition against the Board of Directors contracting to employ for more than one year. They contend that the terms "elect" and "employ" are synonymous. Appellees say the public policy of the State still is that a contract of employment made in violation of the by-laws is void. Too, they contend that Article 2.02, subd. A(12) conferring authority on the "corporation" to fix the tenure of its officers is referring to general corporate authority, but does not

unequivocally commit the exercise of such power to the board of directors independent of corporate by-laws adopted by the corporation through its stockholders.

There are no cases cited and none we have been able to find discussing the precise situation here involved.

All Texas cases dealing with the authority of the board of directors to employ a person for the corporation for more than one year were decided prior to the amendment of Article 1327 in 1951 and, of course, prior to the adoption of the Business Corporation Act which became effective September 1, 1955. These cases all held that the board of directors could not employ a person for more than one year. Some of the cases reasoned that since Article 1323, V.A.C.S., provided for the annual election of directors there was established a public policy that one board of directors could not by making an employment contract for more than one year tie the hands of succeeding boards. Some of the cases also had the added reason that the by-laws fix tenure at one year, at least by implication. Denton Milling Co. v. Blewett, Tex.Civ.App., 254 S.W. 236, writ ref. 278 S.W. 1114; Edwards v. Keller, Tex.Civ. App., 133 S.W.2d 823, error dism., corr. judgment; Beaton v. Continental Southland Sav. & Loan Ass'n, Tex.Civ.App., 101 S.W. 2d 905, writ dism.; Leak v. Halaby Galleries, Tex.Civ.App., 49 S.W.2d 858, no writ hist.; 10 B Tex.Jur., Sec. 344, p. 371; Texas Corporation, Hildebrand, Sec. 735; 16 Tex.Law Review 260; 18 Texas Law Review 336.

We are of the view that by the amendment of Article 1327 and the adoption of the Business Corporation Act, particularly Articles 2.02, subd. A(12) and 2.42, the law of Texas was changed so that there is no statutory provision which of itself limits the term for which a corporation may employ a person. However, we are also of the view that the stockholders by the adoption of a by-law, or by charter provision, may limit the tenure for those

employed for it by the board of directors. Article 1327 provides for the employment of persons by the directors for such period as the directors determine *when not prohibited by the corporation's charter or by-laws.* Article 2.42 provides for the *election of officers in a manner prescribed by the by-laws.* We think the term "manner" encompasses "tenure."

The problem in this case is whether the above quoted by-law of appellee Corporation stating the President and other named officers "shall be *elected* for one year" is a prohibition against *"employing"* a person as President for two years.

It is urged by appellant that Article 2.43 of the Business Corporation Act establishes a difference between a contract by which a president is employed and the election of a president. This Article provides for a president's removal at any time by the board of directors, but provides that such removal shall not prejudice contract rights, if any.

 This merely means that though an officer or agent may be employed for a definite period of time, he may nevertheless be removed at any time by the board of directors, should it be decided the best interests of the corporation would thereby be served. It merely gives the corporation the right to be relieved of representation by the employee. Then it protects the employee to the extent of giving him a remedy in damages against the corporation if he has any contract rights. To illustrate: If there is no inhibiting by-law or charter provision, a contract employing one as president for two years would be valid. One so employed could be removed at any time, but if he were removed in violation of his contract, he could sue for breach of contract. The Article does not create any authority in the board of directors to make a contract of employment. It merely recognizes there may be contract rights and says such rights will be unaffected by removal from office.

The provision of Article 2.43 that *election shall not of itself create contract rights* shows that the legislature considered election to be but the act by which the directors confer the authority of an office on the person elected to the office, but gave no contract rights to the office to the person elected, but left the establishment of contract rights to some independent agreement between the person elected or to be elected and the board of directors.

This case will illustrate the application of this rule. Appellant was Secretary-Treasurer of the Corporation and had been since sometime in 1954. In April, 1957, he was elected President effective May 7. He was merely vested with the authority of that office. No tenure was fixed and so far as the record shows no salary was fixed. Then, in August, 1957, though he was already President of the Corporation, it, through its Board of Directors, entered into a contract agreeing to employ him as President for two years at the stipulated salary.

The term "elected" as used in the by-law must, in the absence of any other revealing circumstance, be deemed to have been used by the stockholders in the sense that it was used by the legislature.

██ We think by the use of the phrase "for one year" is meant that annually the Directors shall determine whether the President shall be reelected so that he will continue as chief executive officer in representing the Corporation, but it was not intended to restrict the time for which a person could be employed.

There are cases from other jurisdictions that are persuasive authority supporting our views.

In the case of Cuppy v. Stollwerck Bros., 216 N.Y. 591, 111 N.E. 249, 251, the plaintiff sued to recover on a contract employing him as sole representative and manager of defendant in America for one year. He was discharged without cause. The defendant contended its by-law pro-

hibited a contract of employment for a definite period, because it authorized removal of an officer at any time. The court held that the by-law authorized a removal at any time, but this affected no contract rights and was not a limitation on the authority to contract for a definite period of employment. The court drew a distinction between the term "elect" and "contract of employment." The court said·

"While the by-law empowered the board of directors to remove a director or officer, it did not authorize them to terminate a contract with one whom they had employed for a definite term. The fact that the plaintiff had been elected a director in no way alters the situation. His election as director was in pursuance of his contract of employment. It did not supersede the contract and render his contract which was for a definite term terminable at will. Douglass v. Merchants' Ins. Co., 118, N.Y. 484, 23 N.E. 806, 7 L.R.A. 822, upon which the respondent relies, is plainly distinguishable from this case. In that case one who acted as the secretary of the corporation at an annual salary was not employed for a definite term, and the decision in that case turned upon that fact. Indeed, in Judge Bradley's opinion in that case, it is pointed out that in cases where the employé had been employed under a special contract it has been held that the corporation loses its general power of removal. Trustees of Soldiers' & Orphans' Home v. Shaffer, 63 Ill. 243; Martino v. Commerce Fire Ins. Co., 47 N.Y.Super.Ct. 520.

"The plaintiff held his place, like any other agent or servant subject to the terms of the contract under which he was employed. If no stated term was fixed, he was subject to removal by the board of directors, even in the absence of a by-law giving the directors this power. When he was elected as a director of the corporation he held that office under the provisions of the by-law, subject to removal by the board of directors. The power to remove him from the office to which he had been elected did not carry with it the right to discharge him from the employment of the defendant in view of the special contract for a fixed term under which he was employed."

This view is likewise supported by the following authorities: In re Paramount Publix Corp., 2 Cir., 90 F.2d 441; United Producers and Consumers Co-op. v. Held, 9 Cir., 225 F.2d 615; Chrisman v. Avil's, Inc., 1952, 80 Pa.Dist. & Co.R. 395; Trustees of Soldiers' & Orphans' Home v. Shaffer, 63 Ill. 243.

The judgment of the Trial Court is reversed and the cause is remanded for trial on the merits.