PIONEER SPECIALTIES, INCORPORATED V. RONALD NELSON.

No. A-7505. Decided October 5, 1960.
Rehearing Overruled November 9, 1960.
(339 S.W. 2d Series 199)

*Liddell, Austin, Dawson & Huggins* and *Charles R. Vickery, Jr.*, all of Houston, for petitioners.

The Court of Civil Appeals erred in holding that, as a matter of law, the phrase "elected for one year" was not intended to restrict the time for which respondent could be "employed." Denton Milling Co. v. Blewett, 254 S.W. 236, error dismissed; Edwards v. Keller, 133 S.W. 2d 823; Roberts v. San Antonio Shipbuilders, 198 S.W. 2d 488.

*Barrow, Bland & Rehmet* and *Sidney Farr*, of Houston, for respondent.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

In April of 1957, Ronald Nelson was elected President of Pioneer Specialties, Incorporated. The by-laws of the corporation provide that the president and other corporate officers "shall be elected for one year," and Nelson's term as president was for one year. On August 1, 1957, Nelson was employed to be president of the corporation for a period of two years. Though the term for which he was *elected* to be president ended in April or May of 1958, the contract provided that he was *employed* as president until July 31, 1959. On December 15, 1957, during the year in which he had been elected president, he was discharged as president by the board of directors.

Nelson brought this suit against the corporation and Tom S. Gillis, who succeeded Nelson as president, for damages for breach of his contract of employment as president for two years. The main question here, then, is whether the by-laws, which provide for the election of a president for one year, prohibit the employment of a person *as president* for two years [or more] in the light of the Texas Corporation Code and other statutes.

■ For purposes of the consideration of the corporation's motion for summary judgment, it was assumed, as we assume here, that Nelson's discharge was not for good cause. The trial court sustained the motion for summary judgment and denied Nelson a recovery. The Court of Civil Appeals reversed that judgment and remanded the case for trial. Its holding was that although the by-laws provide for the *election* of a president for only one

year, neither the by-laws nor any statute prohibits the *employment* of a person as president of the corporation for longer than one year, and that the corporation was liable if it did not fulfill its contract of employment of Nelson for the two-year period, 325 S.W. 2d 924. We here hold that the by-law providing for the election of the president for one year is, by necessary implication, a prohibition against the employment of a person as president for longer than one year. We nevertheless affirm the judgment of the Court of Civil Appeals in remanding the case for trial to give Nelson the opportunity to prove a violation of his rights, if any, arising out of his removal as president in December, 1957, up to the close of the one year for which he was elected president. This is done pursuant to Article 2.43 of the Texas Business Corporation Act. Our reasons are set out below.

This is a case of first impression. We have been cited to no Texas cases, and we have found none, which are determinative. Our decision must rest, therefore, on the by-laws of the corporation and the Texas statutes regulating corporations

The Texas Business Corporation Act was enacted in 1955. Under Sec. 2.23 of that Act, by-laws of a corporation "may contain any provisions for the regulation and management of the affairs of the corporation not inconsistent with law or the articles of incorporation." Article 2.02 says that the corporation may elect or appoint officers and agents for such period of time as the corporation may determine. It is not contended here that the by-law providing for the election of the president for one year is invalid.

Nelson contends that while the by-law does say that the president "shall be elected for one year," it does not prohibit his employment as *president* for longer than a year, and that Sec. 2.43 of the Act recognizes the distinction between his election and his employment. That section provides:

"Any officer or agent or member of the executive committee elected or appointed by the board of directors may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights."

Article 1327 of the Revised Civil Statutes of Texas was amended in 1951 to provide, as applicable here:

"Contracts of employment may be made and entered into by the corporation which any of its officers, agents, or employees for such period of time as the directors may approve and authorize, *when not prohibited by the corporation's charter or by-laws* as of the date of such contracts are executed. By the adoption of a resolution for that purpose, the Board of Directors of a corporation may ratify and confirm any employment contract heretofore made, *provided such contract is not prohibited by the charter or by-laws of such corporation."* (Emphasis ours.)

Section 2 of the amendment to Article 1327 says, "The fact that there is no specific statutory authority for corporations to enter into contracts of employment for a period beyond one year * * * constitutes an emergency * * * ." Acts 52 Leg., 1951, pp. 26-27.

It may be conceded for purposes of this opinion that the Legislature, in enacting Article 2.43, recognized a distinction between the *election* and the *employment* of officers by stating that the removal of an elected officer "shall be without prejudice to contract rights, if any," and that the election of an officer "shall not of itself create contract rights." It may further be conceded that the amendment to Article 1327, supra, established a public policy authorizing long-term contracts for officers. But that article also says that such long-term contracts may not be entered into when prohibited by the corporation's charter or by-laws. We think the by-law specifying that the president "shall be elected for one year" by necessary implication prohibits his employment as president for two years.

While long-term contracts of employment may be beneficial to some corporations and desirable as to some employees or officers in other corporations, the Legislature has not taken away the right of the stockholders to protect themselves against such contracts if they so desire. The stockholders have done so in this case.

■ We turn now to the second problem: what to do about the balance of the one-year term for which Nelson was elected president. When he was removed in December of 1957, he still had remaining a few months of his elective term of one year. For purposes of the summary judgment, it was assumed that he was discharged without just cause.

Article 2.43, supra, provides, among other things, that an

officer may be removed by the board of directors "whenever in its judgment the best interests of the corporation will be served thereby, *but such removal shall be without prejudice to the contract rights, if any, of the person so removed.*"

Before the amendment of Article 1327, supra, and the enactment of the Business Corporation Act, it was held to be contrary to public policy for a corporation to enter into a contract of employment for more than one year. *Beaton v. Continental Southland Savings & Loan Assn.*, Texas Civil App., (1937), 101 S.W. 2d 905, writ dismissed; *Denton Milling Co. v. Blewett,* Texas Civ. App., 1923, 254 S.W. 236, writ refused, 114 Texas 582, 278 S.W. 1114. See case notes 16 Texas Law Rev. 260 and 18 Texas Law Rev. 336. But in *Leak v. Halaby Galleries, Inc.,* 1932, 49 S.W. 2d 858, writ refused, a corporate officer was employed for nearly four years. Such an agreement was held to be invalid. Nevertheless, the Court held that it was valid for one year. Under that case and Article 2.43, Nelson, therefore, should be given a trial to prove, if he can, any contractual rights and damages for the remainder of the portion of the one-year term to which he was elected.

The judgment of the Court of Civil Appeals reversing and remanding the case generally to the trial court is here reformed to eliminate the trial of any cause of action for damages beyond the year of Nelson's election as president, and as reformed, that judgment is affirmed.

Opinion delivered October 5, 1960.

MR. JUSTICE WALKER, joined by JUSTICES CULVER and NORVELL, dissenting.

It seems quite anamalous to say that while an officer of a corporation may be removed by the board of directors at any time, such action can be made the basis of an award of damages against the company for breach of its agreement to employ the particular individual to *serve as such officer* for a definite period. Respondent was employed only to act as president, and Section 2.43 of the Texas Business Corporation Act provides in no uncertain terms that he may be removed from that office by the board of directors whenever in its judgment the best interests of the corporation will be served thereby. When this provision is read into the agreement as it should be, respondent has no contract rights which can be enforced against the corporation. The two parts of the statute are thus rather incon-

sistent if they are given the meaning attributed to them by the majority.

The majority holding is that the directors could not exercise their statutory authority and remove respondent without at the same time breaching the employment contract. This construction of the statutes will enable a board of directors to place its successors in a position where they must either subject the corporation to heavy financial loss or retain in office one who should be replaced by an available person who is better qualified to hold the position. It can result in the election or retention of an official even though the directors are convinced that the best interests of the corporation require his removal from office. I cannot believe that the Legislature intended any such result when it enacted Section 2.43 and Article 1327, Vernon's Annotated Texas Civil Statutes.

Under the provisions of Section 2.42 of the Texas Business Corporation Act, an officer of the corporation is not employed but must be elected by the directors. It seems clear to me that when Section 2.43 and Article 1327 speak of contracts of employment and contract rights, they are referring to an agreement by which a person who has been elected to corporate office is employed to perform services which do not inhere in the office held. The president might thus be engaged to act as general manager of the company for a period of years, or a contract could be made for the assistant treasurer to do stenographic work for the other officers. In either instance the contract would not inhibit a free exercise by the board of directors of its statutory judgment and discretion in determining whether the best interests of the company will be served by retaining the particular individual as one of its officials. Removal from office would not interfere in any way with performance of the employment contract by both parties, and enforcement of the agreement would thus be entirely consistent with the power of removal conferred upon the directors by Section 2.43.

In my opinion the statutes simply permit, and recognize the binding effect of, an agreement to employ one who is an official of the company to perform services and functions other than those which are inseparable from the office held. This construction harmonizes and gives meaning and effect to all of their provisions. It also avoids the undesirable consequences of the majority holding without depriving the directors of power to offer an employment contract for a definite period as a means of inducing capable individuals to accept responsible positions

with the company. Since respondent was not employed to do anything except act as president and has been legally removed from that office, I would hold that he has no cause of action for breach of contract.

Opinion delivered October 5, 1960.

Rehearing overruled November 9, 1960.