Mary Wilkins MEREDITH, Appellant,

v.

DUVAL COUNTY RANCH
COMPANY, Appellee.

No. 15520.

Court of Civil Appeals of Texas,
San Antonio.

June 16, 1976.

Baker & Botts, Ralph S. Carrigan, E. R. Fleuriet, Fred W. Fulton, Houston, for appellant.

Stiernberg, Skaggs & Koppel, Jerry L. Stapleton, Harlingen, for appellee.

BARROW, Chief Justice.

Appellant has perfected her appeal from a take-nothing summary judgment rendered in her suit to recover as a third party beneficiary of an employment contract entered into between her husband, Otis Meredith, and appellee. Appellant urges as her single point of error that the trial court erred in granting appellee's motion for summary judgment and in not granting appellant's motion for summary judgment.

On March 26, 1973, the Board of Directors of appellee, hereinafter sometimes referred to as Duval, by resolution authorized its president, W. H. McDugald, to execute the contract in question with Meredith, who had served consecutively as President and Chairman of the Board of Directors of Duval for more than 30 years. The question before us is whether said contract is valid and enforceable.

The contract provides in part:

1. Duval agrees that Otis Meredith shall continue to be employed as Chairman of the Board of Directors at his present salary of $16,000.00 per annum until further action of the Board of Directors of Duval. Duval further agrees that whenever salary payments to Otis Meredith are reduced to less than $12,000.00 per annum or said salary is discontinued that Duval will, beginning on the first day of each month after such reduction or termination of salary, pay to Mary Wilkins Meredith, wife of Otis Meredith, the sum of $500.00 monthly and continue to so pay $500.00 on the first day of each month thereafter as long as said Mary Wilkins Meredith may live. The reduction of the salary of Otis Meredith to below $12,000.00 per annum, or its discontinuance, may result from action of the Board of Directors or stockholders of the company or from his death or disability, or for some other reason or cause, and it is understood that no matter what the cause of the reduction may be, or if no salary be paid, that Duval agrees to pay to Mary Wilkins Meredith, wife of Otis Meredith, be she then surviving at the time of the reduction or termination, the sum of $500.00 monthly in accordance with this agreement. [It further provides for termination upon death of Mary Wilkins Meredith and that the monthly payments are not assignable.]

2. Otis Meredith agrees as follows:

(a) To continue acting as Chairman of the Board of Directors of Duval as long as may be desired by Duval, subject to his physical abilities to perform such duties.

(b) To hold himself in readiness to consult and advise with the officers and Directors of Duval upon matters pertaining to company affairs at any and all times and places mutually convenient;

(c) To attend all Directors' meetings when compatible with his other duties and activities;

(d) To cooperate with and aid the officers and employees of Duval upon request, with his knowledge and information of the records, files and business of the company and upon the political and private matters pertaining to Duval and Webb Counties, as they may affect the wellbeing of Duval.

This contract was executed by Duval and Meredith following its approval by the Board of Directors of Duval at its annual meeting held March 26, 1963.

On September 26, 1963, the Board of Directors approved a proposal by Meredith that his salary be reduced to the sum of $6,000.00 annually effective September 1, 1963. The Board further adopted a resolution to commence paying Mary Wilkins Meredith the sum of $500.00 monthly in accordance with the terms of the employment contract with Meredith dated March 26, 1963. These monthly payments of $500.00 less withholding tax were regularly made to appellant through December 1, 1971. No payments were made after December 1, 1971. In October 1971, a change of ownership occurred with regard to the stock of Duval, and on November 1, 1971, Meredith resigned his position as director of the company.

It was stipulated that Meredith then ceased all involvement with Duval, and has not been in or near the ranch upon the business of Duval or on its behalf, and is not familiar with, or active in, the management of affairs of Duval. There is no contention that Meredith has ever been requested to consult with or advise the new Board of Directors or new officers since his resignation as a director.

The summary judgment does not contain the basis for denying the claim of appellant; however, Duval seeks to uphold the take-nothing judgment for several reasons. 1. The contract was merely an agreement to provide for the continuance of Meredith as a permanent director in violation of the by-laws of Duval which provided that the term of office of directors should not be longer than one year. 2. The agreement is void or voidable and unenforceable because it violates public policy by creating a lifetime employment contract. 3. The contract is void or voidable and unenforceable because it lacks mutuality of obligation.

■ Duval contends that the contract is merely an agreement to provide for the continuation of Meredith as a permanent director at a guaranteed lifetime salary, and is therefore in violation of the rule set forth in *Pioneer Specialties, Inc. v. Nelson,* 161 Tex. 244, 339 S.W.2d 199 (1960). The Supreme Court, in *Nelson,* held that the corporate by-laws, which provided for the election of a president for one year, by necessary implication, prohibited Nelson's employment as president for a term of two years. It was recognized, however, that since the adoption of Art. 1327, Tex.Rev. Civ.Stat.Ann., in 1951, followed by the adoption of the Texas Business Corporation Act in 1955, a corporation is authorized under the law to enter into a contract extending beyond one year unless prohibited by its by-laws. Nelson was employed to be president for a period of two years although the by-laws of Pioneer Specialties, Inc. provided that the president and other corporate officers should be elected for one year. He was discharged by the Board after a few months and sought to recover damages for the balance of his two-year contract. It was held that such employment was prohibited and Nelson was denied recovery for damages sustained after one year. The dissenting opinion makes it clear that the result would have been different if Nelson had been employed to perform any duties other than to serve as president.

The by-laws of Duval provide that directors shall hold office for one year. However, the contract in question does not purport to employ or retain Meredith as Chairman of the Board of Directors for more

than one year. To the contrary, he is expressly employed "until further action of the Board of Directors of Duval." The contract also recognizes the right of the Board of Directors or the stockholders to reduce the salary below $12,000.00 or even to discontinue it. The contract requires Meredith to perform duties and services other than as Chairman of the Board of Directors. Three other duties are specifically required of Meredith by paragraph two of the contract. Under these covenants, Duval secured the continued advice and counsel of Meredith for as long as his health permits. We conclude that the contract for consultation services is not within the prohibition set forth in *Pioneer Specialties, Inc. v. Nelson,* supra.

■ Duval contends that, in any event, such a long-term employment contract is against public policy and should not be enforced. A similar contention was made and rejected by the court in *Miller v. A. & N. R. Railroad Co.,* 476 S.W.2d 389 (Tex.Civ.App. —Beaumont 1972, no writ). We adopt the holding of that case.

It was stipulated that Meredith was a minority stockholder in Duval at the time of the execution of the contract in question, and there is no contention that the contract was the result of any fraudulent action or overreaching on the part of Meredith or the Board of Directors of Duval. The reduced compensation went into effect shortly after the contract was executed, and Duval secured the benefits of the continued advice, counsel, and knowledge of Meredith for several years prior to the change in ownership of the Duval stock. It would still be available if desired by the new management of Duval.

■ Since 1951, long-term employment contracts have been permitted under Texas law provided that they do not conflict with the by-laws of the corporation. There is no prohibition in the by-laws of Duval against such an employment contract. The fact that the consideration to be paid by Duval was to extend over a period of time rather than in a lump sum, or some other arrangement, was a matter for the contracting parties to decide. The disparity in exchanged considerations, if any, is not so unconscionable as to merit equitable relief. It cannot be said that this long-term employment and consultation agreement offends the public policy of this State.

■ Finally, it is urged by Duval that the contract in question is void or voidable and unenforceable because it lacks mutuality of obligation. Such contention is based on Duval's assumption that Meredith was required to do nothing other than serve as Chairman of the Board of Directors. We have heretofore pointed out that Meredith promised to furnish advice, counsel, and knowledge to the directors and officers for as long as his health permitted. In return, Duval promised to pay the sum of $500.00 per month to the wife of Meredith during her lifetime. These promises constituted mutuality of obligation.

■ The trial court erred in holding that the contract was unenforceable and entering the take-nothing judgment. There is no contention on this appeal that appellant is not entitled to recover on said contract as a third party beneficiary, although the parties have reserved the amount of her recovery for trial on the merits. We conclude that appellant's motion for summary judgment was erroneously overruled insofar as she sought a declaration that the contract was valid and enforceable.

The judgment of the trial court is reversed and here rendered for appellant to declare that the contract in question is valid and enforceable. The cause is remanded to the trial court for determination of the amount of damages to be recovered by appellant.