R. HENRY GREAVES, Plaintiff, *v.* AMERICAN INSTITUTE
    FOR SCIENTIFIC RESEARCH, Defendant.

(Supreme Court, New York Trial Term, February, 1921.)

Corporations — membership — lack of power of officer to contract
for life employment.

> While an agreement made by an agent of a corporation is
> not to be condemned, yet in the absence of an express authori-
> zation of or a ratification of the agent's acts, the agreement
> cannot be upheld.
>
> Certain funds of a membership corporation were awarded
> to its secretary and treasurer for disbursement under the direc-
> tion of the trustees, to pay for psychical research work and
> salaries of employees in connection therewith. *Held,* that the
> secretary and treasurer had no power to make a contract of
> employment with plaintiff as office manager for the term of
> his life.
>
> Such a contract is unenforcible and where, not only from
> the oral testimony but from letters written by plaintiff to the
> secretary and others, the conclusion is irresistible that no such
> agreement was made, a compromise verdict in favor of plain-
> tiff will be set aside as against evidence and the weight of
> evidence, and the complaint dismissed.

MOTION to set aside verdict.

I. Balch Louis, for plaintiff.

Dawson, Merrill & Dawson (Edwin S. Merrill, of
counsel), for defendant.

ERLANGER, J. The memorandum published in this
matter on February seventeenth is hereby recalled
and the following substituted in place thereof:

Claiming that he was employed as office manager by
the defendant, a membership corporation, for the term
of his life, and that he was unlawfully discharged,

plaintiff brought this action to recover his damages for such breach. It is alleged that the hiring occurred in December, 1909, and was terminated by notice at the end of the year 1916. His salary was at first $15 each week; was increased to $75 per month, and later to $100 each month, which latter sum he received at the time of his discharge. Plaintiff's employment was in connection with defendant's department known as the Psychical Research Society. During the period mentioned, James A. Hyslop was defendant's secretary and treasurer and it is claimed that he made the contract declared upon. Within this same period the defendant's other officers were a president and vice-president, besides a board of trustees, of which Hyslop was one. The trustees, from time to time, awarded to Hyslop funds, characterized as a " subsidy," out of which the psychical research work, as well as the salaries of the employees connected with it, were paid. This " subsidy " was disbursed by Hyslop under the direction of the trustees. The making of the contract was denied by the answer, and among other defenses it was urged that the defendant was without power either to make or ratify it; that such an agreement was unreasonable and would deprive future boards of directors of the power vested in them by statute to manage defendant's affairs, and was therefore null and void. The illegality of the contract was urged throughout the trial, but the case on the facts was sent to the jury, who returned a verdict for the plaintiff for $650. It was clearly a compromise verdict, but the new trial moved for was upon all the grounds mentioned in section 999 of the Code. Motions to dismiss were made at the end of plaintiff's case and again at the close of the entire case, and in each instance decision was reserved. Whether or not officers or agents of a corporation may make a life

contract with one of its employees, binding on it, has been before our courts a number of times. Authorities exist on both sides of the question. In *Schwarz* v. *Regensburg & Son,* 168 App. Div. 903; affd., 223 N. Y. 521, it was held that an agreement with a former employee that if he would retire and refrain from competing with the defendant for the rest of his life or from engaging in its line of business, the defendant would pay him a fixed sum yearly for life, in weekly installments, was enforcible. In *Beers* v. *New York Life Ins. Co.,* 66 Hun, 75, and *Carney* v. *New York Life Ins. Co.,* 162 N. Y. 453, it was decided that agents, however plenary their power, could not make such a contract unless specifically authorized so to do. In another line of cases it was asserted that the corporation may be estopped from denying the agent's authority to make such an agreement. *Usher* v. *New York C. & H. R. R. R. Co.,* 76 App. Div. 422; affd., 179 N. Y. 544; *Montwil* v. *Am. Locomotive Co.,* 159 N. Y. Supp. 21. From this contrariety of views it is evident that each case depends upon its peculiar circumstances, and that such agreements, while not condemned, will not be upheld in the absence of an express authorization of or a ratification of the agent's acts. Applying the authorities to the case in hand it seems quite clear that the right of Hyslop to bind the defendant simply because he employed all the help in connection with his work, and because of his absolute charge of the " subsidy " from which all his aids were paid, invested him with no power to make the agreement. The fact that the plaintiff abandoned his work as a Unitarian pastor to ally himself with Hyslop does not aid him. Nor again does Hyslop's deception in the alleged promise made to plaintiff help the latter in the dilemma he is now in. The question is purely one of power. There was no

proof from which such power can even be inferred, nor was it made to appear that the trustees were ever informed or had the slightest knowledge that plaintiff ever claimed that a life contract was made with him. Contracts of such a character, except in rare instances, have been held to be unreasonable, because they hampered the course of future trustees of corporations in the conduct and management of their affairs. When the evidence is considered, not alone the oral proof but the letters written by the plaintiff to Hyslop and others, the conclusion is irresistible that no such agreement was made. True the jury found the facts in favor of the plaintiff and awarded to him the most trifling damage. That sympathy played an important part in the finding is undoubted. That it was a compromise verdict is also self-evident. The verdict was clearly against the evidence and the weight of the evidence, and must be set aside. On the law of the case, the contract having been held by me to be unenforcible, no new trial should be granted, but the complaint should be and is dismissed. Exception to plaintiff. Thirty days stay; sixty days to make a case.

Ordered accordingly.