(No. 16094.—Judgment reversed.)
EDWARD GINTER, Defendant in Error, *vs.* THE HECO ENVELOPE COMPANY, Plaintiff in Error.

*Opinion filed February 17, 1925—Rehearing denied April 10, 1925.*

1. CORPORATIONS—*when election of sales manager to office in a corporation constitutes a new contract of service.* Where a sales manager employed by a corporation at a stipulated salary is elected to the office of vice-president of the corporation before the expiration of his contract as sales manager a new contract of service is created by the election and his acceptance of the office, which supersedes the old contract but does not prevent, as a part of the service to be rendered, the continued performance of the duties originally prescribed.

2. SAME—*by-laws are part of contract between corporation and its officers.* The by-laws of a corporation, in the absence of a special agreement, constitute a part of the contract between the corporation and its officers, and the officers are presumed to know the by-laws adopted before their appointment or election and are bound by them as to their tenure of office.

3. SAME—*when action of directors is necessary to remove officer.* Where the power to remove an officer is vested in the directors by the by-laws of the corporation, action by them is necessary to constitute a removal; and the president does not have the right or power, alone, to dismiss or remove an officer.

4. SAME—*when officer must be held to have abandoned contract of service with corporation.* A party elected to the office of vice-president of a corporation has no cause of action for his salary when unlawfully removed by the president, where he makes no showing that he was ready and willing to discharge his duties and the evidence shows that he never returned or offered his services after his unlawful dismissal, although he knew, or is presumed to have known, that the by-laws required the action of the board of directors before he could be removed from office.

5. CONTRACTS—*when performance of contract is excused.* The performance of a contract by one party thereto is excused when performance is prevented by the action of the opposite party.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

LOUIS A. HEILE, and W. H. DYER, for plaintiff in error.

MAYER, MEYER, AUSTRIAN & PLATT, ABRAHAM MEYER, THEODORE E. REIN, and DAVID F. ROSENTHAL, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Edward Ginter was employed by the Heco Envelope Company, a corporation, for the period of one year from March 1, 1919, as sales manager, and for the performance of certain other duties, at a salary of $4000. The terms and conditions of the employment were set forth in a letter addressed to Ginter by Frank Hogan, the president of the company. Ginter performed all the duties of his employment until January 5, 1920, when at the annual meeting of the board of directors he was elected vice-president of the company for the ensuing year at a salary of $5000. While Ginter was not present at that meeting he was informed of his election immediately after its adjournment. On May 6, 1920, Hogan, without any action by the board of directors, informed Ginter that his services were no longer desired and that he would have to leave, and tendered him a check with the statement that it would "settle us up to next Saturday." Ginter, without inspecting the check, refused to accept it, inquired when Hogan would pay the balance due him, departed and never returned. He rendered the services required of him until May 6, 1920, and he was paid a salary at the rate of $4000 per year until January 1, 1920, and at $5000 thereafter until the Saturday preceding the 6th day of May, 1920. Between that date and the end of the year 1920 Ginter earned in other employments approximately $300. The by-laws of the company provide that its officers, including the vice-president, shall be elected by the directors; that the officers shall perform the duties pertaining to their respective offices and hold office for one year;

that any officer or employee may be dismissed at any time by the directors, and that in the absence of the president the vice-president shall perform all the duties of the president. Ginter brought suit in assumpsit against the company in the superior court of Cook county, claiming salary for the period ending February 28, 1921, at the rate of $5000 per year. On a trial by the court without a jury he recovered on that basis a judgment for $3738.50, after deducting $300 earned in other employments. The defendant prosecuted an appeal to the Appellate Court for the First District. That court found that a new contract had been entered into for one year from January 1, 1920, by Ginter's election as vice-president, and that he was only entitled to recover for the rest of the year. Accordingly a *remittitur* of $704.97 by Ginter was required and filed and judgment was affirmed for $3033.33. The cause is here by writ of *certiorari* granted upon the petition of the company.

The contentions of the Heco Envelope Company, the plaintiff in error, necessary to consider are: First, that by accepting the office of vice-president, Ginter, the defendant in error, entered into a new contract of employment which operated as a cancellation of the original contract; second, that the defendant in error, an officer of the company under the new contract, could only be discharged by the board of directors, and that the attempted dismissal by Hogan, the president, was a nullity; and third, that when the defendant in error left the service of the plaintiff in error at the unauthorized command of Hogan, without returning or offering to return, he abandoned his contract and no recovery can be had thereon.

The period of the original contract of employment was for one year from March 1, 1919. Before its expiration the defendant in error was elected vice-president of the company at an increased salary. He was promptly informed of his election and accepted the office with its added duties and responsibilities. By his acceptance a new contract was

created, of which the by-laws became a part. *Bostedo* v.
*Board of Trade,* 227 Ill. 90; 14 Corpus Juris, pp. 345, 348.

But defendant in error argues that he performed no
duties as vice-president and that the only change made in
the relationship of the parties was an increase in salary.
He not only failed to decline election as vice-president but
he accepted the salary fixed for that officer. The mere fact
that he continued to perform the same duties after his elec-
tion as vice-president, and that he had not since his election
presided at any directors' meeting, is of no moment. It
was not shown that his duties under the original contract
of employment were in any way incompatible with his du-
ties as vice-president, or that any meeting of the directors
had been held since his election, or that his presence at
any such meeting was necessary. The president had many
duties other than attendance upon directors' meetings. It
appeared that he was absent occasionally, and the by-laws
required that at such times the defendant in error, as vice-
president, perform the president's duties. The election of
defendant in error as vice-president gave rise to a new re-
lationship between the parties which superseded the old con-
tract, but it did not prevent, as a part of the service to be
rendered, the continued performance by him of the duties
originally prescribed. 3 Elliott on Contracts, sec. 1865;
*McDole* v. *Kingsley,* 163 Ill. 433; *Harrison* v. *Polar Star
Lodge,* 116 id. 279.

Under the by-laws of the plaintiff in error only the di-
rectors could dismiss an officer or employee of the company,
but they could do so at any time. Officers of a corporation
are presumed to know the by-laws adopted before their
appointment or election and are bound by them as to their
tenure of office. (14 Corpus Juris, *supra.*) While the by-
laws do not operate as a contract between the corporation
and its officers to the exclusion of a special contract exist-
ing between them, (*Trustees* v. *Shaffer,* 63 Ill. 243,) yet
they are adopted for the internal government and regula-

tion of the corporation and its officers and stockholders and in the absence of a special agreement constitute a part of the contract between the corporation and its officers. (14 Corpus Juris, pp. 348, 349, 352.) Where the power to remove an officer is vested in the directors, action by them is necessary to constitute a removal. (14 Corpus Juris, pp. 75, 77.) Hogan, the president, did not have the right or power to dismiss defendant in error and his action in that regard was a nullity. (3 Fletcher Cyclopedia Corporations, sec. 1819, p. 3011.)

But defendant in error insists that the right to discharge him did not exist, and cites *Cuppy* v. *Stollwerck Bros.* 216 N. Y. 591, in support of his contention. It was attempted in that case to dismiss the employee before the expiration of the period of service fixed by a contract, in violation of its provisions. In the instant case the special contract had been terminated, and while the attempted dismissal of the defendant in error by the president was ineffective, for he lacked the power to discharge, yet the directors were expressly vested with that power and could exercise it at any time.

Defendant in error left at the command of Hogan, the president of the company. He could not know that the directors would sanction Hogan's act until the matter had been brought to their attention. A majority of them may have preferred that he continue in the office to which he had been elected. In any event, they did not dismiss him. The performance of a contract by one party is excused when performance is prevented by the opposite party. (*Gerrish* v. *Maher,* 70 Ill. 470; 13 Corpus Juris, 647, 693.) Defendant in error could not assume that the act of Hogan prevented him from performing his duties or holding his office, for he was an officer of the company, and, like Hogan, was subject to and presumed to know its by-laws. Instead of making it known that he was ready and willing to discharge his duties he departed and never returned. He

should have informed the directors of his willingness to continue in their service notwithstanding Hogan's attempt to dismiss him. He failed in this duty, and without any notice to them relinquished his office and terminated his employment. He has not, therefore, any cause of action. *Leopold* v. *Salkey,* 89 Ill. 412; *Hansell* v. *Erickson,* 28 id. 257; *Eldridge* v. *Rowe,* 2 Gilm. 91.

The judgments of the superior and Appellate Courts will be reversed.

*Judgment reversed.*