JAMES D. CLIFFORD, Respondent, *v.* FIREMEN'S MUTUAL BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, Appellant.

Second Department, May 1, 1931.

*Joseph A. McNamara* [*Thomas J. Kavanagh* with him on the brief], for the appellant.

*Joseph R. Jackson* [*John J. Curtin, Adelbert P. Rich* and *Wesley S. Sawyer* with him on the brief], for the respondent.

PER CURIAM. The alleged contract upon which the plaintiff has sued is in effect one in which a membership corporation agrees to pay him a salary for life, regardless of services to be performed. It originated in 1900, when he was elected president of the corporation, and has its foundation in a resolution adopted at the annual meeting of the members and readopted and reaffirmed at subsequent meetings; and in form ratified from year to year by the board of directors. Its purpose was to compensate plaintiff for the loss of his position as captain in the fire department.

Plaintiff's presidency continued until 1919, and without doubt the payments to him during that period were valid. Subsequent to the year 1919 he had rendered no services of any account to the corporation.

There was no authority given to the members of the corporation to contract by the statute under which the corporation was organized (Laws of 1865, chap. 368), nor in the Membership Corporations Law,* under which it is agreed the corporation operated after its enactment in 1895. What power there was to manage and control the corporation was vested in its board of directors both by statute and by the constitution of the corporation. There were four directors, one being elected each year, with a right to the president to vote in case of a tie. These directors could not impose an obligation on the corporation or its constantly changing membership to continue for a long period beyond their term of office and thus hamper the action of future boards. Such attempted action was unreasonable and illegal. (*Alexander* v. *Equitable Life Assurance Society*, 233 N. Y. 300, 305, 306, 308; *Carney* v. *N. Y. Life Ins. Co.*, 162 id. 453; *Rollins* v. *Co-operative Building Bank*, 98 App. Div. 606, 614; affd., 184 N. Y. 525; *Beers* v. *N. Y. Life Ins. Co.*, 66 Hun, 75, 82; *Greaves* v. *Am. Inst. for Scientific Research*, 114 Misc. 413, 416.) The contract in the main is based upon a past consideration. The plaintiff had already lost his position in the fire department when the original resolution was adopted; and it was stated in the resolution that " this sum is to be paid to James D. Clifford unconditionally for services rendered " for the corporation. Furthermore, payments on the contract must be made largely from a sum created by the collection of dues for the payment of death benefits to the widows and heirs of deceased members. This fund constitutes to a certain extent a trust fund which may not be so impaired by the action of the directors.

The judgment should be reversed upon the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and DAVIS, JJ., concur.

Judgment reversed upon the law, with costs, and complaint dismissed, with costs.

---

* Laws of 1895, chap. 559. Now Laws of 1909, chap. 40, as generally amd. by Laws of 1926, chap. 722.— [REP.