149 So. 886

## MASSMAN v. LOUISIANA MFG. COOPER-AGE CO.

### No. 29542.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Walter J. Suthon, Jr., of New Orleans, for appellant.

Alex W. Swords and Charles J. Rivet, both of New Orleans, for appellee.

OVERTON, Justice.

This is a suit brought by Solomon Massman, now deceased, who is represented in this appeal by the administrator of his succession. The purpose of the suit is to have an accounting from defendant as to the number of barrels sold by it, directly or indirectly, to all oil companies, oil packers, distilleries, and naval stores companies or operators, during the period from July 11, 1924, to July 11, 1926, inclusive, and to recover judgment for $12,500, or for such other amount as the aforesaid accounting may show to be due and owing, with legal interest from judicial demand.

The right to an accounting rests upon an alleged contract, dated July 11, 1924, signed by defendant alone, through its president, Charles F. Beck, and reading as follows:

"In consideration of information and assistance given and to be given we agree to pay S. Massman a commission of 5 cents each on all barrels sold by us directly or indirectly to all oil companies, oil packers, distilleries, naval stores companies or operators, for a period of two years from this date. Such commission to be paid to S. Massman each month on all shipments during the preceding month, as payments have been made by buyers."

The signature of defendant, through its president, to this instrument, is admitted, though knowledge of the existence of the contract, until the filing of this suit, is denied, as also is all liability purporting to grow out of it.

There is nothing in defendant's charter authorizing its president to sign such a contract,

nor is there a resolution of its board of directors authorizing the president to sign such a document, nor is a copy of the document to be found among defendant's papers, nor did the members of defendant's directorate ever hear of the contract, until this suit was begun, although plaintiff, during the period in which he urges that the contract was in full force, visited defendant's plant several times, spoke to members of the directorate, but never once mentioned the contract, but kept its existence secret. This secrecy is explained by plaintiff in his evidence on the trial, as follows:

"I want the court to hear this explanation. I didn't mention anything about this contract to anyone. Mr. Beck didn't want me to mention it to anyone. He didn't want anyone to know anything about it, especially Mr. Peyronnin. He didn't want him to know of this intricate business."

The contract itself was confected and signed in secrecy. According to plaintiff's evidence, Beck had been entreating him to represent defendant as a broker. After plaintiff had hesitated for some time, he finally gave this version of how the document originated, to wit:

"I said there is only one way I will represent you, and that is that you bring your stationery to my office, and I will write a contract, and if satisfactory, well and good, and if not, we will call it off. I wrote that [referring to the contract] at my own dictation, and I had specific reasons for writing that contract in that manner."

While plaintiff testifies that he performed his part of the contract faithfully, and was instrumental in obtaining defendant's chief purchaser of barrels, this purchaser testified, in effect, that he did not know plaintiff in his transactions with defendant, and the evidence of defendant's secretary is that defendant did not know plaintiff in them. Beck did not testify, for he died prior to the institution of this suit.

Plaintiff's only hope is to establish that defendant was bound by the signature of its president. As we have said, the record is barren of any authorization given to plaintiff's president by the charter, or by the board of directors, to enter into the contract. The evidence adduced does not warrant the inference that the directors, by their inaction and customary acquiescence, authorized its president to enter into secret contracts of this or of any other nature. The very secrecy of the contract made it impossible for the board to ratify it by acquiescence.

The judgment below rejected plaintiff's demands.

The judgment is affirmed.