SAMUEL K. DENNIS, PLAINTIFF-RESPONDENT, CROSS-APPELLANT, v. THERMOID COMPANY, A DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-APPELLANT, CROSS-RESPONDENT.

Submitted February 13, 1942—Decided April 23, 1942.

For the plaintiff-respondent, *Homan, Buchanan & Smith* (*Ewald J. J. Smith*).

For the defendant-appellant, *Ellis L. Pierson*.

The opinion of the court was delivered by

BODINE, J. The plaintiff had judgment by reason of his wrongful discharge as director of replacement sales of the defendant company. He was also called an assistant vice-president.

In contracts of service, when no fixed term is provided, the intention of the parties must be found as a fact from all the circumstances surrounding the employment. *Williston on Contracts (Rev. Ed.)* § 39. The former English view to regard a contract of hiring to be for a fixed term, if it could be so construed, has been followed in this state. *Willis v. Wyllys Corp.*, 98 *N. J. L.* 180; *Donnellan v. Halsey*, 114 *Id.* 175; *Essbee Amusement Corp. v. Greenhaus*, *Id.* 492. Contracts of employment are seldom reduced to writing.

Frequently a man, long in corporate service, is advanced to a new position with increased salary. In the instant case, such was the fact. The plaintiff was employed for years as division manager of the defendant's southwestern branch with headquarters at Dallas, Texas. Defendant's president desired him to become director of replacement sales, which would necessitate his moving to Trenton. He was married, had purchased a home in Dallas and had a circle of friends. He knew the territory in which he had built up the business and was happy and contented in his work. After much persuasion, he took up the new work. He sold his home and moved his family so as to be near the plant.

The plaintiff desired a salary of $7,500 a year. This the defendant would not pay, but agreed to pay him at the rate of $500 a month beginning November 1st, 1936, which was to be raised to $625 per month beginning July 1st, 1937. The moving and company expenses were to be paid, and a bonus of one per cent. on all increased sales over the previous year and a participation bonus was guaranteed at $1,500 for the year 1937. Thus the $7,500 a year was more than provided for.

The court found that the employment was on a yearly basis commencing January 1st, 1937. The proofs support such a finding of fact. Obviously, the parties did not contemplate a temporary employment. The plaintiff had given years of faithful and unstinted work to the defendant company. He was disposing of his home, moving his family to a strange city and undertaking new work in an unknown territory. The defendant was bearing the expense of this change. Surely, it anticipated that the relationship would continue for a long time.

The problem for the trial court, sitting without a jury, was: for how long was the employment to continue? Part of the salary could only be determined when the books for the year were closed. The learned trial court giving weight to this circumstance, and the others mentioned, determined that the contract was one of employment from year to year. *Passino* v. *Brady Brass Co.*, 83 *N. J. L.* 419. Such conclusion seems reasonable and is supported by the proofs. Certainly,

the continuance of the employment beyond the first period gives rise to the inference that it was to continue for a like period. *Willison on Contracts (Rev. Ed.)* § 90.

Much point is made that the by-laws of the company provided that all officers were removable, at any time, with or without cause. However, plaintiff was employed for the year for the reasons mentioned. Inconsistent statements call for a construction. Since the employment was from year to year, it is inconsistent to say that it was terminable at will. No doubt it was terminable for cause; but without cause would change the intent of the parties. Contracts must have some reciprocal basis since no bargain can be all on one side. A contract becomes valid because there is an exchange of promises.

The proofs show nothing indefinite about the employment. It was for a year and if continued thereafter it was for another year and so on. The cases of *McElroy* v. *Ludlum,* 32 *N. J. Eq.* 828, and *Kirkpatrick* v. *McElroy,* 41 *Id.* 539, were not binding upon the trier of fact in the present case. The weight and the reasonable inferences from the proofs are matters which rest in the sound discretion of the trial court and are not disturbed where the proofs support such findings.

In *Barnes* v. *P. & D. Manufacturing Co.,* 123 *N. J. L.* 246, the court was dealing with an entirely different factual situation. Hence, the law of that case was not applicable to the facts in this case. This is a case in which full performance of service was possible within the year. That was not.

The circumstance that the amount of the yearly bonus could not be figured till after the books were closed after the the first of the next year did not bring the agreement within the bar of *N. J. S. A.* 25:1-5. The work called for by the agreement was all performed within the year. The salary was earned. The only thing which remained to be done was a bookkeeping comparison of figures entered within the year with those of the previous year, and the fact that it could not be done till the books were closed for the year can make no difference in the result.

It is argued that because the legislature has changed the rule as to tenancies (*R. S.* 46:8-10, as amended by *Pamph. L.*

1941, *ch.* 317, ¶ 1), the rule that where an employment is for a definite term—in this case a year—and the employment is continued beyond that period the inference is that it is for a like period should be rejected. If such change should be made it is for the legislature to make it and not for the courts.

Since the proofs do not show that a bonus was declared or paid after the year 1937 there could be no recovery thereof. The other arguments have been carefully considered, but require no discussion.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.