71 N.J. Super. 363 (1962)
177 A.2d 55
FINN H. MAGNUS, PLAINTIFF,
v.
MAGNUS ORGAN CORPORATION, A CORPORATION, BERNARD A. MITCHELL, DAVID BERDON, EUGENE A. TRACEY, AND MAURICE PREVILLE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 11, 1962.
*364 Messrs. Toner, Crowley, Woelper & Vanderbilt, attorneys for the plaintiff (Mr. Marshall Crowley, of counsel).
Messrs. Pitney, Hardin & Ward, attorneys for the defendant Magnus Organ Corporation.
Messrs. Kristeller, Zucker, Lowenstein & Cohen, attorneys for the defendants Bernard A. Mitchell, David Berdon, Eugene A. Tracey, and Maurice Preville.
CONKLIN, J.S.C.
This matter was previously heard on an order to show cause which has been filed, the opinion of the court having been rendered orally. Counsel could not settle the form of judgment, and therefore counsel for the plaintiff served notice of motion for entry of judgment. Simultaneously, a cross-motion was filed for notice of application for reargument by the firm of Kristeller, Zucker, Lowenstein & Cohen. Said firm initially appeared for all defendants, but now represents defendants Bernard A. Mitchell, David Berdon, Eugene A. Tracey, and Maurice Preville. Pitney, Hardin & Ward now serve as counsel for defendant Magnus Organ Corporation.
At reargument defendant corporation took issue with the oral opinion of the court. It was urged that "the Board of Directors may remove the plaintiff as President as he held office during the pleasure of the Board under the Bylaws of the said Corporation; that in its judgment the court was interfering with the internal affairs of a corporation, that the restraint was improper, that they should be permitted to discharge Finn Magnus and his remedy then would be in arbitration." In these arguments the directors concur, *365 and argue together with the corporation that specific performance of the employment contract exceeded the limits of the application to vacate or modify; that such remedy was unwarranted by reason of the absence of mutuality of remedy; and further, that the action of the court was contra to R.S. 14:7-6 and 14:7-1.
Finn Magnus, the plaintiff, is an exceptional individual who in publications has been termed a "Horatio Alger"-type personality. An immigrant, he founded the defendant corporation in 1957. In 1958, negotiations ensued between the individual defendants and the plaintiff, whereby the individual defendants acquired a majority of the stock of the defendant corporation. At that time plaintiff transferred patents and inventions to the corporation, in addition to allowing said corporation to utilize his name. The agreement also provided that plaintiff would be employed by the corporation for a period of five years at a stated salary, and would be paid $1.50 for each organ manufactured and sold. It further stated that without additional salary he could serve as president or in other offices of the corporation to which he might be elected. The agreement provided that irreconcilable disagreements between Magnus and the corporation would be settled by arbitration before the American Arbitration Association. It also imposed restrictions on the activities of Magnus during the term of his employment.
The final closing occurred on July 29, 1958. On that date assignments of stock were made to the defendants, which vested 55% of the stock interest in them. Amendments were made in the bylaws to enlarge the board of directors, etc., and to conform the bylaws to the agreements to be entered into on that date. As contemplated, an agreement was entered into, bearing the same date. Mitchell acted for himself and his associates, the corporation, and plaintiff. A separate agreement on the same date was entered into by Mitchell and the corporation, for a term of five years as to the employment of plaintiff. The assignments of stock were executed, whereupon a special meeting of the stockholders *366 was held, and the agreement between Magnus, Mitchell, and the corporation was approved by the stockholders. Subsequently, there was a meeting of the board of directors, wherein plaintiff's employment agreement with the corporation was approved. The provision in part is as follows:
"1. The term of your employment hereunder shall be from August 1, 1958, to and including July 31, 1963.
2. You are employed hereunder as chief executive officer of our company below the chairman of the Board of Directors and your duties shall consist of supervision of our production and such other duties as our Board of Directors shall delegate to you, all of your duties in our employ to be under the supervision and control of our Board of Directors. Without additional compensation in excess of that hereinafter provided, you will serve as president or in such other office of our company to which you may be elected."
As disputes arose with respect to Magnus' employment agreement, notice was given of a special directors' meeting to be held in New York City on November 20, 1961. In response, by letter dated November 16, 1961, counsel for plaintiff notified the directors that as the dispute arose out of Magnus' employment agreement, demand was made that the dispute be submitted to arbitration as provided in the agreement. Apparently nothing occurred at the meeting called by the defective notice, for on November 21 notice of another special meeting was sent to the directors. This meeting was scheduled for November 27, in Miami Beach, Florida. The notice of this meeting specified the following purposes:
"1. To consider the removal of Finn H. Magnus as President of the corporation, in accordance with the by-laws of the corporation;
2. To consider other action in connection with the employment of Finn H. Magnus by the corporation and any agreements relating thereto;
3. To consider action in connection with the company's rights and obligations under the agreement dated July 29, 1958, among Finn H. Magnus, Bernard A. Mitchell and Magnus Organ Corporation, including without limitation the rights and obligations with respect to the royalties mentioned therein.
4. To take other or further action on matters that may come before said meeting."
*367 The latter meeting was restrained by the temporary restraining order issued by this court.
Before us is manifested a definite written contract for a fixed term of employment which unequivocally provides that this matter be submitted to arbitration. In attempting to circumvent the purport of the arbitration clause, defendants emphasize the concept that a contract of employment for a fixed term is subject to and controlled by a bylaw provision for the removal of officers at the pleasure of the directors, applying the bylaws of the defendant corporation. However, the courts have tended to decide otherwise.
In the case of Realty Acceptance Corporation v. Montgomery, 51 F.2d 636, 639 (3 Cir. 1930), the United States Circuit Court of Appeals upheld a contract of employment for five years for the president of a corporation. There it appeared that one Montgomery was employed as president of Realty Acceptance Corporation and the Stuyvesant Corporation. Realty Acceptance owned all of the stock in Stuyvesant. It was urged, among other things, that the bylaws of each corporation provided the president should be chosen annually and that he could be removed with or without cause. Montgomery did not deny such bylaws but took the position that there was no statutory prohibition against employment of officers for a fixed term, and that since a majority of the directors could amend the bylaws, their act in authorizing the contract was a pro tanto supersession of them and would prevail over them.
The court, in upholding the contract, said:
"* * * To read into a contract of employment for a definite period, expressly authorized by the board of directors, a by-law amendable by a majority of the board, and thus nullify the contract, would sacrifice substance and straightforwardness for form and procedure. Defendant's further contention that, if the contract be upheld at the expense of the by-law, boards of directors may by contract of employment for terms of years perpetuate their business policy and deprive succeeding boards of the power to afford relief, is not convincing. It sticks in the bark, for the evil possibilities *368 suggested have their true foundation, not in the supremacy of contract over by-laws, but in the futility of a limitation which rests solely upon a by-law amendable by a majority of the board. Were there doubt of the board's power to amend by necessary implication through solemnly authorized, inconsistent acts, the limitation would constitute no barrier to the commission of the suggested acts by a board so disposed, for the board could formally and expressly repeal the by-law containing the limitation and thereupon with all regularity authorize the contracts for terms of years.
I am of the opinion and find that the contract made by the defendant pursuant to the express authority of its board of directors, which had express power to amend at will the by-laws of the defendant, modified, in its legal effect, all inconsistent by-laws and prevails over them. * * *"
The court held in the case of Dixie Glass Co. v. Pollack, 341 S.W.2d 530, 534-535 (Tex. Civ. App. 1960), that a contract which employed a comptroller for a five-year period with an option to extend said contract for three- to five-year terms, which was authorized by unanimous vote of all directors and all stockholders in a joint directors' and stockholders' meeting, and executed by all corporate officers, directors, and stockholders, was valid. As a result thereof, the bylaw fixing the term of office at one year, in addition to the bylaw giving the right of removal to the board of directors, was waived. The court held, at page 535:
"If the stockholders and directors can change or amend a by-law they may waive its application in a given case." (Emphasis added)
See also Dennis v. Thermoid Co., 128 N.J.L. 303, 305 (E. & A. 1942); 18 C.J.S. Corporations, §§ 182 and 188, pp. 593 and 599; United Producers v. Held, 225 F.2d 615, 618-619 (9 Cir. 1955); Eilen v. Tappin's, Inc., 16 N.J. Super. 53, 57 (Law Div. 1951); Breslin v. Fries-Breslin Co., 70 N.J.L. 274, 281-283 (E. & A. 1904).
This court, in applying the authority supra, notes that subsequent to the adoption of the bylaws and the execution of said employment contract, the stockholders of the defendant corporation specifically ratified and confirmed plaintiff's contract at a meeting held on April 16, 1959. *369 Under the bylaws, the right is reserved to the stockholders to alter, amend, or appeal the bylaws of the corporation. We conclude that the effect of the action of the stockholders in ratifying the contract with plaintiff is tantamount to the exercise of their reserved power to alter or amend said bylaws.
It is unnecessary for the court to reach the question of mutuality of remedy in that we are not determining that plaintiff must remain an employee of defendant corporation. Our ruling demands that in accordance with the enforceable requirements of the aforesaid contract, the matter is properly submitted to arbitration. On the validity of submission to arbitration under the facts before us, see N.J.S. 2A:24-1.
On reargument, the court finds that no error has been committed and therefore denies the application of defendants to reopen, modify, or alter its opinion. The form of judgment submitted on behalf of plaintiff is the judgment of this court. The signing of this order is presently dispositive of the issue before us.