571 P.2d 1033

Paul R. HERNANDEZ, Appellant,

v.

BANCO de las AMERICAS, a corporation, Appellee.

No. 2 CA–CIV 2107.

Court of Appeals of Arizona, Division 2.

Oct. 25, 1976.

Rehearing Denied Nov. 16, 1976.

Review Granted Dec. 14, 1976.

238

Stompoly & Even, P.C. by John G. Stompoly and James L. Stroud, Tucson, for appellant.

Russo, Cox, Dickerson & Cartin, P.C. by Jerold A. Cartin, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Appellant, Paul Hernandez, sued appellee, Banco de las Americas (now known as Banco de Internacional) for damages in connection with the bank's alleged wrongful termination of his contract for employment. The bank had entered into a written contract to employ Mr. Hernandez for one year as its president. The bank, however, discharged Mr. Hernandez without cause five days after he had begun performing his duties as president. Mr. Hernandez filed a complaint alleging breach of contract, fraud, and libel. The trial court granted appellee Banco's motion for directed verdict but awarded five days' compensation to ap-

pellant as damages for breach of contract. Hernandez appeals only the judgment disposing of his claim for breach of contract.

Appellee argues that the board of directors which hired appellant lacked power to make a contract for one year. Section 1, Article 4 of the bank's by-laws provides:

"The President, Vice-President . . . shall hold office during the term of the board by whom they are elected, subject to the power of the board to remove them at its discretion."

Appellee urges that this by-law was incorporated into the contract because of the following contract provision:

"Employer . . . hires employee as President . . . and employee . . accepts . . . such hiring . . . in accordance with the customary requirements of such position and the . . By-laws . . . ."

The board of directors which hired appellant was replaced by a new board five days after appellant's employment began. According to the bank, appellant's contract could not have a duration longer than the term of the board which hired him and that board's term expired five days after the contract was signed. The bank also attempts, on appeal, to argue that the entire contract is void. The bank makes this voidness argument in the form of a cross-assignment of error. However, it is not entitled to raise this point on appeal because it failed to perfect a cross-appeal pursuant to Rule 73(b), Arizona Rules of Civil Procedure.[1]

The only issue to be decided by this court therefore is whether the duration of the contract was five days or one year. The result, however, would be the same if we were determining the validity of the entire contract. We are required by existing authority to rule in favor of appellant. The

1. The cases cited by the bank in support of its failure to properly cross-appeal are inapplicable. These cases indicate that a cross-appeal is unnecessary only when an appellee is attacking the reasons for a judgment entirely in his favor. *Delozier v. Smith*, 22 Ariz.App. 136, 139, 524 P.2d 970 (1974); *Aegerter v. Duncan*, 7 Ariz.

App. 239, 243, 437 P.2d 991, 995 (1968). In the instant case, the judgment is not entirely in favor of Banco because the lower court found the contract to be valid. In order to challenge this judgment, Banco should have cross-appealed.

adoption of the contract by unanimous vote of the board of directors constituted a waiver of the by-law limiting the length of employment to the term of the board. The board has power to change the by-laws. The articles of incorporation provide that "the board of directors is expressly authorized to adopt, amend and rescind by-laws . . . by a vote of the majority of the board of directors . . . " Article VII.

 This court approves the principle stated in 18 C.J.S. Corporations § 188, pp. 601–602:

" . . . in the absence of provision to the contrary, an alteration, amendment, or repeal of a by-law may be made either orally or in writing and by acts as well as by words, and may be evidenced by a course of proceeding or conduct on the part of the corporation inconsistent with the by-law claimed to have been amended or repealed."

See also: 18 Am.Jur.2d., Corporations, Sec. 171, p. 703.

 The existing case law indicates that, on facts such as these, an implied waiver of the by-law has occurred. A contract employing a corporate officer is not nullified because there are by-laws which conflict with its terms. Instead, if the contract is entered into by those persons with power to alter by-laws, the contract modifies and prevails over inconsistent by-laws. *Realty Acceptance Corp. v. Montgomery*, 51 F.2d 636 (3rd Cir. 1930); *Magnus v. Magnus Organ Corp.*, 71 N.J.Super. 363, 177 A.2d 55 (1962); *Jennings v. Ruidoso Racing Association, Inc.*, 79 N.M. 144, 441 P.2d 42 (1968); see Note, Informal By-Law Amendment By Inconsistent Employment Contracts, 1961, Duke L.J. 619.

 There is also authority indicating that appellant has a right to damages for wrongful discharge even though a by-law authorizes the board to remove officers "at its discretion." According to a well-known commentator, removal of an officer without cause creates a cause of action for damages against the corporation if there was a valid employment contract. This is true even though the board of directors has power to remove officers without cause. Henn, Law of Corporations, Sec. 221, pp. 435–36. The same principle appears in C.J.S.:

" . . . but a corporation cannot, without cause, discharge or remove an agent in violation of a contract under which he is employed for a definite period without becoming liable for damages, despite a statute or by-law permitting the removal of agents at the pleasure of the board." 19 C.J.S. Corporations § 738, p. 73.

It has been held that where there is a contract for a definite term, a corporation's discharge of an employee without cause gives rise to a cause of action for damages despite by-laws providing for removal without cause. *Dennis v. Thermoid Co.*, 128 N.J.L. 303, 25 A.2d 886 (1942); *Cuppy v. Stollwerck Bros., Inc.*, 216 N.Y. 591, 111 N.E. 249 (1916); *United Producers and Consumers Co-op v. Held*, 225 F.2d 615 (9th Cir. 1955); *In re Paramount Publix Corporation*, 90 F.2d 441 (2nd Cir. 1937), (construing state statute rather than by-law).

The fact situation in *Realty Acceptance Corporation, supra*, is similar to that in the instant case. *Realty* involved an action by a former corporate president for breach of a five-year employment contract. The by-laws of the corporation provided that the president "shall be chosen annually by the Board of Directors and . . . may be removed, either with or without cause, by . . . a majority of the whole Board . . . " 51 F.2d at 637. The plaintiff had knowledge of the by-laws at the time the contract was entered into. The Third Circuit Court of Appeals agreed with plaintiff's contention that "as there was no statutory inhibition against the employment of officers . . . for a fixed term, as the by-laws were amendable . . . 'by the affirmative vote of a majority of the whole Board of Directors,' . . . and as the making of the contract employing plaintiff for a fixed term was expressly authorized by more than a majority of defendant's board of directors, the contract was a *pro tanto* supersession of the by-laws, and must prevail over them." Id. at 637–38.

The court distinguished the situation before it from those where a state statute controls the length of corporate employment contracts or removal of officers. Id. at 639. The Arizona corporation statutes in effect at the time of the contract between Banco and Hernandez contained no limitations upon these corporate functions. The rationale underlying the decision in *Realty* seems worthy of acceptance by Arizona. The court in *Realty* justifies its decision as follows:

"To read into a contract of employment for a definite period, expressly authorized by the board of directors, a by-law amendable by a majority of the board, and thus nullify the contract, would sacrifice substance and straightforwardness for form and procedure. Defendant's further contention that, if the contract be upheld at the expense of the by-law, boards of directors may by contract of employment for terms of years perpetuate their business policy and deprive succeeding boards of the power to afford relief, is not convincing. It sticks in the bark, for the evil possibilities suggested have their true foundation, not in the supremacy of contract over by-law, but in the futility of a limitation which rests solely upon a by-law amendable by a majority of the board. Were there doubt of the board's power to amend by necessary implication through solemnly authorized, inconsistent acts, the limitation would constitute no barrier to the commission of the suggested acts by a board so disposed, for the board could formally and expressly repeal the by-law containing the limitation and thereupon with all regularity authorize the contracts for terms of years.

\* \* \* \* \* \*

Nor was the contract one against public policy. It was not tainted with fraud. The restraint thereby placed upon the future freedom of action of defendant's board of directors cannot be said to have been in fact or principle injurious to the public interest. The term of office therein fixed was neither permanent, unlimit-

ed nor for life, but, in view of plaintiff's relation to defendant and his familiarity and grasp of its business, was for a reasonable period only. The contract was in conflict with no statute."

Id at 639.

The doctrine set forth in *Realty* has been adopted in later cases; *United Producers and Consumers Co-op, supra; Magnus v. Magnus Organ Corp., supra; Jennings v. Ruidoso, supra.*

■ Appellee argues that because the contract with Hernandez expressly provides that the by-laws are included, the *Realty* rationale does not apply. This distinction is not significant. It is a generally accepted doctrine in corporation law, unless there is specific agreement to the contrary, that the corporation's by-laws automatically become part of contracts between the corporation and its officers. The express provision in Banco's contract is therefore unnecessary boilerplate. 18 C.J.S. Corporations § 181(c) at p. 593; *Edwards v. Keller*, 133 S.W.2d 823, 825 (Tex.Civ.App. 1939); *Ginter v. Heco Envelope Co.*, 316 Ill. 183, 147 N.E. 42, 43, 44 (1925). As an officer of the corporation, Hernandez was bound to observe the by-laws regardless of whether they were mentioned in his contract. 18 Am.Jur.2d., Corporations, Sec. 169, p. 700. The *Realty Acceptance* line of cases, in dealing with conflicts between contracts and by-laws, used concepts of amendment, supersession, or waiver. Reliance upon these principles would have been unnecessary if the by-laws were never incorporated into these contracts. The courts could simply have found an absence of conflict by holding that no by-laws were part of any contract and need not have concerned themselves with whether a contract was a pro tanto change in a particular by-law.

■ Appellee relies heavily upon *Tucson Federal Savings & Loan Association v. Aetna Investment Corp.*, 74 Ariz. 163, 245 P.2d 423, 427 (1952), which we deem insufficient support for its position. The language which, according to appellee, governs this case is dicta. *Tucson Federal* did not involve an employment contract and the fol-

lowing language relied on by appellee is based upon an erroneous interpretation of cases which are inapplicable to appellee's situation:

> "It is contended by Tucson Federal that the contract is void for the reason that it extends and binds the corporation beyond the terms of the then acting officers and directors. To support this proposition we are referred to *Edwards v. Keller*, Tex. Civ.App., 133 S.W.2d 823; *Clifford v. Firemen's Mut. Benev. Ass'n*, 232 App. Div. 260, 249 N.Y.S. 713; *Massman v. Louisiana Mfg. Cooperage Co.*, 177 La. 999, 149 So. 886; *Kline v. Thompson*, 206 Wis. 464, 240 N.W. 128. We have examined these cases and find they all involve employment contracts whereby the corporate officers have attempted to employ a person for a period extending beyond their terms. The courts held that the contracts were void because one board of directors cannot bind subsequent boards as to future personnel to carry out administrative details of the corporation. These cases limit the application of the rule to employment contracts which we believe is sound."

Contrary to the conclusion of our Supreme Court, these cited cases do not establish the proposition that contracts employing corporate officers cannot ever extend beyond the term of the board of directors. In *Edwards v. Keller*, a state statute required annual election of directors. There is no such statute in Arizona. *Realty Acceptance* and the cases approving its doctrine expressly note that state statutes may establish a public policy preventing the extension of an employment contract beyond the board's term. However, these cases indicate that where no statute applies, there is no barrier to a longer contract.

The other cases cited in *Tucson Federal* are even less appropriate as support for appellee's position. Neither *Massman v. Louisiana* nor *Kline v. Thompson*, involved the length of a corporate officer's employment contract but rather a president's authority to make a contract.

*Clifford v. Firemen's Mut. Benev. Ass'n*, 232 App.Div. 260, 249 N.Y.S. 713, 714 (1931) is equally inapplicable. The issue in *Clifford* was whether a corporation could contract to pay a person a salary for life, regardless of services performed. The court did not hold that a contract could never extend beyond the term of a board. Rather it stated, "These directors could not impose an obligation on the corporation . . . to continue for a longer period beyond their term of office and thus hamper the action of future boards."

█ It is clear that the weight of authority requires us to reverse the trial court's decision as to the duration of the contract. We remand for a trial on the issue of damages. Appellant is not entitled to full compensation under the contract unless he can show that he was unable to minimize damages by obtaining similar employment. See Annot., 44 A.L.R.3d 629, 640.

Reversed and remanded.

HOWARD, C. J., and KRUCKER, J., concurring.